# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00255-CR

**Marsele Thompson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-07-904028, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

### O P I N I O N

A jury found Marsele Thompson guilty on two counts of aggravated robbery with a deadly weapon, found an enhancement allegation true, and assessed sentence at twenty-five years in prison. Thompson contends that the trial court erred in refusing to allow him to discuss probation during voir dire and by refusing to charge the jury on the availability of probation at the punishment phase. Because Thompson was rendered ineligible for probation by a jury finding based on uncontested evidence, and because he did not present evidence that he had not been convicted of a felony, we conclude that the judgment was not affected by the asserted errors. We affirm.

Although Thompson does not contest the sufficiency of the evidence to support the verdict, he does request that his convictions be reversed. Consequently, we review the evidence supporting the convictions. Thompson was identified by witnesses as the man who entered a convenience store, fired a gun, threatened several people, and demanded (and was given) money

from the cash register. The clerk at the register recognized Thompson as one of her regular customers and the robber. Other eyewitnesses at the store identified Thompson as the robber when he was taken to the store shortly after the offense. A customer called 911 and followed Thompson across a muddy field to a nearby apartment complex. Police followed muddy footprints to an apartment in which they found Thompson and a gun. Gunshot residue was found on Thompson, but not the other occupant of the apartment. Ballistics from the gun matched those on the shell found at the store. The video surveillance tape of the robbery was shown at trial. The jury found Thompson guilty of aggravated robbery by use of a deadly weapon.

At punishment, the State presented a fingerprint expert who testified that fingerprints he took from Thompson matched those in Thompson's juvenile records. The records include Thompson's adjudication of delinquency and commission to the Texas Youth Commission for the offense of arson. The trial court took judicial notice that arson is a felony. Thompson's attorney cross-examined the fingerprint expert regarding his technique. Thompson's father testified at length about Thompson's experience in TYC. At one point, the following exchange occurred between Thompson's attorney and father:

> Q. So this is about a year before he went to TYC?
>
> A. Correct, I believe so.
>
> Q. And he went to TYC for arson?
>
> A. I believe so.

The focus of Thompson's case at punishment was that he was a young man who had mental and emotional conditions (including diagnoses of attention deficit hyperactivity disorder, mental retardation, schizoaffective disorder, bipolar disorder, oppositional defiance, anxiety, and depression) that overwhelmed his parents and caused him to be exposed to an unsettled home life, bad influences, child protective service custody, and TYC, where he was physically abused. The jury found the enhancement paragraph true, and assessed sentence at 25 years in prison—10 years above the minimum and 74 years below the maximum.

Thompson's appellate complaints center on the trial court's effective exclusion of community service, or probation, as an issue at trial. Thompson complains that the trial court erred by refusing to allow him to discuss probation during voir dire and by refusing to charge the jury on the availability of probation at the punishment phase.

The issues on appeal involve the interplay of the statutes concerning juvenile delinquency adjudication, probation, and punishment enhancement. The family code provides:

> An adjudication under Section 54.03 that a child engaged in conduct that occurred on or after January 1, 1996, and that constitutes a felony offense resulting in commitment to the Texas Youth Commission under Section 54.04(d)(2), (d)(3), or (m) or 54.05(f) is a final felony conviction only for the purposes of Sections 12.42(a), (b), (c)(1), and (e), Penal Code.

Tex. Fam. Code Ann. § 51.13(d) (West Supp. 2008). The limitation of the scope for which the adjudications are final felony convictions creates a seeming peculiarity in cases in which someone with a juvenile adjudication for a felony resulting in commitment to TYC (a "juvenile felony") is

3

later charged with a first-degree felony as an adult, and also seeks to be placed on probation. To be placed on probation, a defendant must take certain steps:

> A defendant is eligible for community supervision under this section only if before the trial begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true.

Tex. Code Crim. Proc. Ann art. 42.12, § 4(e) (West Supp. 2008). Because of the family code's limitation of the effect of juvenile felonies, a defendant with only a juvenile felony can apply for probation and truthfully aver that he has not previously been convicted of a felony. *See* Tex. Fam. Code Ann. § 51.13(d). However, the juvenile felony adjudication counts as a final felony conviction for purposes of sentence enhancement. *See id.* When a defendant convicted of a first-degree felony is shown at the punishment phase to have been "once before convicted of a felony," the standard 5-to-99-year punishment range[1] is enhanced to life or 15 to 99 years in prison. Tex. Penal Code Ann. § 12.42(c)(1) (West Supp. 2008). A jury cannot recommend probation if it assesses a prison term of more than ten years. Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1) (West Supp. 2008). Because a jury considering punishment for a first-degree felony conviction enhanced by a prior final felony conviction—including a juvenile felony—cannot assess a punishment of less than 15 years, that jury must assess a punishment of more than 10 years. Thus, although a prior juvenile felony conviction does not prevent a defendant from applying for probation,

---

[1] Tex. Penal Code Ann. §§ 12.32, 29.03(a)(2) (West 2003).

4

it prevents the jury from recommending probation when the new conviction is for a first-degree felony enhanced by the prior juvenile felony.

In light of the interplay of these statutes and the procedural sequence of events, we conclude that the trial court erred by refusing to allow Thompson to discuss probation at voir dire, but did not err by failing to charge the jury about probation. However, after a review of the evidence admitted, we conclude that the error regarding voir dire discussion was harmless. In addition, we are also of the view that—considering the evidence—even if failing to charge the jury about probation was error, any such error was harmless.

The trial court may impose reasonable restrictions on the exercise of voir dire examination. *Boyd v. State*, 811 S.W.2d 105, 115 (Tex. Crim. App. 1991). We review the trial court's decision to limit voir dire under an abuse of discretion standard. *Id.* The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry. *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995). In order to allow counsel to effectively assist the defendant and to help ensure an impartial jury by intelligently exercising challenges to the jury panelists, "the permissible areas of questioning the venire in order to exercise peremptory challenges are broad and cannot be unnecessarily limited." *Linnell v. State*, 935 S.W.2d 426, 428 (Tex. Crim. App. 1996).

Thompson complains that he was improperly prohibited from discussing probation at voir dire. The State filed a motion in limine to prevent "[a]ttempts by defense counsel to voir dire on the issue of probation as the Defendant is ineligible." After hearing arguments, the court stated, "I'm going to find that [juvenile felony] adjudication is a final felony conviction for the purpose of

5

making him probation ineligible under Article 42—42.12, Section 4(f)–4(e), and, therefore, I'm not going to permit you to voir dire on probation." During his voir dire examination, Thompson's counsel re-urged his objection and desire to discuss probation, and was again refused.

We hold, however, that Thompson was eligible to apply for probation and, therefore, was entitled to discuss probation at voir dire. Probation was a possibility up until at least the end of the punishment hearing. Contrary to the trial court's pronouncements, the legislature limited the use of juvenile felony adjudications to enhancement of punishment. The penal code provides as follows:

> *For the purposes of Subsections (a), (b), (c)(1), and (e),* an adjudication by a juvenile court under Section 54.03, Family Code, that a child engaged in delinquent conduct on or after January 1, 1996, constituting a felony offense for which the child is committed to the Texas Youth Commission under Section 54.04(d)(2), (d)(3), or (m), Family Code, or Section 54.05(f), Family Code, is a final felony conviction.

Tex. Penal Code Ann. § 12.42(f) (emphasis added). The family code provides as follows:

> An adjudication under Section 54.03 that a child engaged in conduct that occurred on or after January 1, 1996, and that constitutes a felony offense resulting in commitment to the Texas Youth Commission under Section 54.04(d)(2), (d)(3), or (m) or 54.05(f) is a final felony conviction *only* for the purposes of Sections 12.42(a), (b), (c)(1), and (e), Penal Code.

Tex. Fam. Code Ann. § 51.13(d) (emphasis added). Had the legislature omitted the introductory clause "For the purposes of Subsections (a), (b), (c)(1), and (e)," from penal code section 12.42, or not used the "only" in family code section 51.13, a credible argument might be made that the listing of the enhancement provisions was non-exclusive. However, the legislature used limiting language

6

in both statutes, and we do not believe the circumstances and the tenets of statutory construction permit us to ignore those choices.[2]  *See* Tex. Gov't Code Ann. § 311.023 (West 2005).  By contrast, there is no similar provision regarding the use of juvenile adjudications as final felony convictions in the probation statute—either in the family code and penal code sections just set out, or the probation provisions of the code of criminal procedure.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e).  Under these statutes, a juvenile felony adjudication can be used to enhance punishment, but not to bar eligibility for probation.

Accordingly, Thompson was eligible to and did apply for probation.  At that time, the jury could still have recommended probation.[3]  Therefore, the trial court erred by refusing to allow Thompson to discuss probation during voir dire.

The same reasoning does not apply to the jury charge at the punishment phase of the trial, however, because of the difference in the procedural phase of the case.[4]  A jury charge must set forth "the law applicable to the case."  Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007).  A trial

---

[2]  This seeming peculiarity—that the same juvenile felony could at once not prevent a defendant from applying for probation but might prevent a jury from considering it—may be a deliberately created tool for the exercise of prosecutorial discretion.  In different circumstances, a prosecutor might choose not to seek enhancement of the punishment range, preferring to allow the jury to consider probation along with the 5-to-99-year prison term.  A person with a juvenile felony, convicted of a first-degree felony, might then be placed on probation despite the prior conviction.

[3]  The jury's later finding that the enhancement paragraph was true, enhancing his punishment range and making it impossible for the jury to recommend probation, did not erase the trial court's error at the voir dire phase of the trial.

[4]  We will analyze whether the trial court erred by failing to charge the jury on probation.  Although when the parties and the court discussed the charge before the punishment hearing it was still possible for Thompson to seek to prove his entitlement to probation, he was not entitled to a charge on probation when the charge was given at the end of the punishment phase.

7

court does not err by refusing to instruct the jury regarding probation in the absence of evidence to support a request for probation. *See Walker v. State*, 440 S.W.2d 653, 659 (Tex. Crim. App. 1969); *Tenery v. State*, 680 S.W.2d 629, 640 (Tex. App.—Corpus Christi 1984, pet. ref'd). The burden of proof as to eligibility for probation is on the defendant. *Baker v. State*, 519 S.W.2d 437, 437 (Tex. Crim. App. 1975); *Green v. State*, 658 S.W.2d 303, 308 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). To be eligible for probation, a defendant's sworn application for probation *and* the evidence must show that he has never been convicted of a felony. *Green*, 658 S.W.2d at 308. The mere filing of a sworn application is not sufficient to show eligibility for probation. *Palasota v. State*, 460 S.W.2d 137, 140-41 (Tex. Crim. App. 1970); *Green*, 658 S.W.2d at 309.

Thompson was not entitled to a charge on probation because he presented no evidence that he had not been finally convicted of a felony for purposes of enhancement. He minimally cross-examined the fingerprint expert called to establish that he was the same person committed to TYC for the arson offense as a juvenile, and, as set forth above, he adduced testimony in which his father agreed that Thompson went to TYC for committing arson. In addition to creating a record for appeal on the probation issue, Thompson had an incentive to present evidence that he did not have a final felony conviction in order to defeat the enhancement allegation. Because Thompson did not present evidence that he did not have a final felony conviction, there was no evidence on an element essential to prove himself eligible for probation, and the trial court did not err by refusing to give the charge.[5] We note that, given the undisputed evidence that Thompson had a juvenile felony

---

[5] The importance of the legal basis for refusing to submit the instruction on probation becomes clearer in the context of probation and punishment for cases involving a single offense that is less than a first-degree felony for a defendant whose only final felony conviction for any purpose

adjudication and the effect of that adjudication on the enhancement of his punishment range rendering it impossible for the jury to assess probation, any error in failing to give the probation charge was harmless.

The absence of evidence that Thompson was eligible for probation also renders the error in prohibiting discussion of probation at voir dire harmless. A trial judge's impermissible exclusion of a proper question during jury voir dire is subject to a harmless error analysis. *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005). Even if we assign the error constitutional dimension, *see Jones v. State*, 223 S.W.3d 379, 381 (Tex. Crim. App. 2007), we find no harm from refusing to allow Thompson to discuss or ask venire panelists questions about an issue not raised by the evidence presented. One might argue that the trial court's repeated declarations that Thompson was not eligible for probation dissuaded Thompson from presenting contrary evidence at punishment. However, the issue of whether he had been convicted of a felony was squarely presented at the punishment phase in the enhancement question—with the burden of proof on the

---

is a juvenile felony adjudication. Under the trial court's reading of the statutes, no person with a juvenile felony adjudication is eligible for probation. Under our interpretation of the statutes, defendants with a juvenile felony adjudication are eligible to apply for probation, and the jury may recommend it even after enhancing the sentencing range, depending on the sentence imposed.

A prior juvenile felony can be used to enhance the punishment for a state jail felony to that of a second-degree felony, or to enhance the punishment for a second-degree felony to that of a first-degree felony. *See* Tex. Penal Code Ann. § 12.42(a), (b), (f) (West Supp. 2008). Even enhanced, however, the possible punishments range below ten years. *See id.* § 12.32 (West 2003) (first-degree felony range 5-99 years), § 12.33 (West 2003) (second-degree felony range 2-20 years).

Thus, despite having a juvenile felony adjudication, a person later convicted of a state jail felony or second-degree felony could still be recommended for probation if the jury sentenced him to no more than 10 years. That would not be possible under the trial court's reading of the statutes.

9

State—and yet Thompson did not present any evidence that he had not been convicted of a prior felony or even seriously challenge the State's evidence that he had.[6] The absence of harm is emphasized by the jury's finding of true to the enhancement allegation and assessment of 25 years in prison, both of which rendered a probation recommendation impossible.[7] To find error, we would have to speculate that permitting discussion of probation at voir dire would have led to the recomposition of the jury and adjustment of trial strategy significant enough to cause the theoretical jury to reject the uncontested (and even admitted) evidence of the prior juvenile felony for enhancement purposes, to assess a sentence of no more than 10 years, and to recommend probation, or at least to assess a sentence less than 25 years.[8] On the evidence before us, we do not find such speculation reasonable. *Cf. Ex parte Cash*, 178 S.W.3d 816, 817-18 (Tex. Crim. App. 2005) (contention that sentencing jury could have recommended probation absent trial counsel's deficient

---

[6] We recognize the distinction between attempting to controvert evidence of the juvenile felony adjudication on the enhancement issue—for which the juvenile felony counts as a final felony conviction—and presenting affirmative evidence of the absence of a felony conviction on probation—for which the juvenile felony would not have counted as a final felony conviction. The absence of any evidence presented on the issue renders the difference moot in this case.

[7] Thompson asked questions at voir dire regarding panelists' willingness to consider the low end of the punishment range—five years in prison. Two panelists who said they were not willing to consider the low end of the range were struck (one by agreement and one for cause). The jurors seated were, therefore, willing to consider the low end of the punishment range—which, by the time of punishment deliberations, was 15 years in prison—and, nevertheless, assessed a 25-year prison term.

[8] In his prayer for relief, Thompson requests that we reverse his convictions as well. That would require us to determine that allowing discussion of probation at voir dire would somehow have led to the recomposition of the jury or adjustment of trial strategy that would have resulted in a rejection of the overwhelming evidence—unchallenged on appeal—of Thompson's guilt. We determine that the erroneous prohibition of a voir dire discussion of probation—a punishment issue—had no effect on the convictions.

10

performance was based on "pure conjecture and speculation"). We are persuaded beyond a reasonable doubt that the erroneous exclusion of a discussion of probation from the voir dire examination did not contribute to the sentence assessed. *See* Tex. R. App. P. 44.2(a).[9]

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed: August 29, 2008

Publish

---

[9] If the error was of nonconstitutional magnitude, we conclude that the error did not affect Thompson's substantial rights. *See* Tex. R. App. P. 44.2(b).