

## NUMBER 13-14-00213-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**WESTON EDWIN HOLLEY,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 75th District Court of Liberty County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Weston Edwin Holley challenges his conviction for

possession of a controlled substance in Penalty Group One (methamphetamine)[1] in an

---

[1] The State's brief indicates that the controlled substance was cocaine, but the indictment charged appellant with possession of methamphetamine and the jury charge reflected the same.

amount of less than one gram, a state-jail felony enhanced to a second-degree felony by the habitual offender statute. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West, Westlaw through 2013 3d C.S.); TEX. PENAL CODE ANN. § 12.425(b) (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND[2]

Officer Shane Burleigh of the Dayton, Texas police department performed a pat-down search of appellant after briefly detaining him in the front parking lot of a motel at approximately 2:30 a.m. The search yielded a syringe and two plastic baggies which appeared to contain narcotics. Forensic tests revealed that one of the baggies contained a small quantity of methamphetamine, and the other a quantity of Soma and Xanax. The State charged appellant with possession of the methamphetamine and the case was tried to a jury.[3] The jury returned a verdict of guilty and assessed punishment at ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, court costs, and no fine.

## II. DISCUSSION

By his sole issue, appellant argues that the trial court committed reversible error by denying his counsel an opportunity to rehabilitate four potential jurors whom the State successfully challenged for cause because they indicated they could not consider the full range of punishment.

---

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[3] Appellant pleaded guilty to possession of the Soma and Xanax in a separate proceeding that is not before us.

## A. Standard of Review & Applicable Law

The Texas Constitution affords criminal defendants the "right of being heard by himself or counsel, or both." TEX. CONST. art. I, § 10. The Texas Court of Criminal Appeals has long held that this right encompasses the right to interrogate prospective jurors. *Easley v. State*, 424 S.W.3d 535, 537 (Tex. Crim. App. 2014). As a part of this right, both the prosecution and the defense have the right to inform the venire panel of the full range of punishment, including the maximum that would be available in the event that the State proved a prior felony conviction for enhancement purposes. *Hill v. State*, 426 S.W.3d 868, 874 (Tex. App.—Eastland 2014, pet. ref'd) (citing *Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. [Panel Op.] 1982)). A juror who testifies unequivocally that he or she is unable to consider the full range of punishment is properly subject to challenge for cause. *Cardenas v. State*, 325 S.W.3d 179, 184–85 (Tex. Crim. App. 2010) ("Both the State and defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense—*i.e.*, from the maximum to the minimum and all points in between."). The opposing party or the trial court judge may examine the juror to ensure that the juror appreciates the position he or she is taking, but unless there is further clarification or vacillation by the juror, "the trial judge must grant a challenge for cause if the juror states that [he or she] cannot consider the full range of punishment." *Id.* at 185.

However, the trial court may also impose reasonable restrictions on voir dire examination. *Thompson v. State*, 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd). We review the trial court's decision to limit voir dire for abuse of discretion. *Hill*, 426 S.W.3d at 874. "The trial court abuses its discretion when it limits a proper question

concerning a proper area of inquiry." *Thompson*, 267 S.W.3d at 517 (citing *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995)).

**B. Analysis**

We first address the State's argument that appellant did not preserve this issue for our review. To preserve an issue for review, a party must make a timely request, objection, or motion that is sufficiently specific to apprise the trial court of the complaint, unless the grounds are apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Even most constitutional complaints issues can be waived by failure to raise a timely objection. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).

After the State questioned whether any members of the venire panel could not consider the maximum range of punishment, appellant's counsel asked whether she would have an opportunity to rehabilitate those panel members who answered that they could not consider the maximum. The trial judge responded: "they were emphatic about their answers, many of which you are going to move to strike." Both parties continued voir dire on other subjects and did not mention the issue again until the following exchange occurred towards the end of voir dire:

> The Court: I have 3, 7, 12, 17, 23, 25, 26, 31, and 37 before me at this time. Are there others that the State challenges for cause?
>
> [Prosecutor]: 8. I think that may have been the one, Judge, that didn't get on your list from before.
>
> The Court: Yes, it was. All right. Which do you object to, Ms. Trahan?
>
> Defense: 3, 12, 17, 30, and 23. Excuse me. 12.
>
> [Prosecutor]: 12?

4

Defense:     3, 12, 17, and 23. I'm sorry.

The Court:   All right. What's your basis for challenge for cause on 3, 12, 17, and 23?

Defense:     Your Honor, although I - -

The Court:   What's your basis for challenge for cause on 3, 12, 17, and 23?

Prosecution: Judge, they said they could not consider the full range of punishment in this case for this offense.

The Court:   That was my understanding as well. Those are the only ones that you object to, correct?

Defense:     Yes.

The Court:   Some of those you're going to challenge for cause?

Defense:     Yes.

The Court:   All right. The State's challenges for cause on juror 3, 7, 8, 12, 17, 23, 25, 26, 31, and 37 are sustained.

The State alleges that appellant forfeited his objection by failing to provide a basis for it. We agree. After appellant's counsel inquired about an opportunity to rehabilitate the juror, the parties did not mention the issue again until the colloquy we reproduced above. The intervening examination fills over thirty pages of the reporter's record. When appellant's counsel did object, she did not reference her earlier question, and she did not otherwise explain the basis for the objection. We hold that appellant has forfeited his objection because it was not sufficiently specific to apprise the trial court of the grounds for it. *See* TEX. R. APP. P. 33(a)(1)(A); *Layton*, 280 S.W.3d at 238–39.

Alternatively, even assuming appellant preserved error, we hold that the trial court did not abuse its discretion. The defendant in *Hill*, the case appellant chiefly relies on,

5

argued successfully that it was error to prevent him from asking some of the potential jurors if they could be impartial and consider the full range of punishment which might be available if the State proved the enhancement allegations. *Hill*, 426 S.W.3d at 877. Some of the potential jurors that Hill was prevented from questioning were eventually selected to serve on the jury. *Id.* By contrast, appellant argues here that it was error for the trial court to deny him an opportunity to rehabilitate potential jurors who were already properly subject to challenge for cause because they answered that they could not consider the full range of punishment. *See Cardenas*, 25 S.W.3d 185. Appellant provides no other authority that the trial court's decision rises to the level of a violation of the right to interrogate jurors. We conclude from this that the trial court did not abuse its discretion by preventing appellant from asking a proper question to the venire panel. *See Thompson*, 267 S.W.3d at 517. We overrule appellant's sole issue.

### III. Conclusion

We affirm the judgment of the trial court.

NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of October, 2014.