ACCEPTED
06-14-00192-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/23/2015 2:09:23 PM
DEBBIE AUTREY
CLERK

No. 06-14-00192-CR
Trial Court No. 11F0746-202

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/23/2015 2:09:23 PM
DEBBIE AUTREY
Clerk

**Reginald Reece,** *Appellant*

**v.**

**The State of Texas,** *State*

Appealed from the 202nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By: **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

# In The Court of Appeals
## For the Sixth Supreme Judicial District
### At Texarkana, Texas

| | | |
|---|---|---|
| Reginald Reece,<br>  *Appellant*<br><br>v.<br><br>The State of Texas,<br>  *State* | § § § § § § § § § | No. 06-14-00192-CR<br><br><br>BRIEF FOR THE STATE |

## Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1.  Defendant and Appellant:

    **Reginald Reece**

2.  Attorneys for Appellant on appeal:

    **Alwin A. Smith**
    Attorney at Law
    Texas Bar No. 18532200
    602 Pine Street
    Texarkana, Texas 75501

3.  Attorneys for Appellant at trial:

    **Rick Shumaker**

4.  Attorney for the State of Texas at trial:

i

**Michael Shepherd**
**Lauren N. Richards**
Assistant District Attorneys
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

5.  Attorney for the State of Texas on appeal:

    **Lauren N. Richards**
    Assistant District Attorney
    Texas Bar No. 24079421
    601 Main Street
    Texarkana, Texas 75501

6.  Presiding Judge at trial:

    **The Honorable Leon F. Pesek, Jr.**
    District Court Judge
    202nd Judicial District
    Bowie County, Texas
    Bi-State Justice Building
    100 North State Line Avenue
    Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel .......................................................................... i-ii

Table of Contents ................................................................................................... iii

Index of Authorities ............................................................................................ iv-v

Statement of the Case ............................................................................................. 1

Reply to Points of Error ......................................................................................... 2

Summary of the Argument ..................................................................................... 3

Argument ........................................................................................................... 4-11

      Reply to Point of Error Number One ................................................ 4-8
      *The trial court did not abuse its discretion in preventing Appellant from introducing facts and sentences from other cases in front of the jury panel during voir dire.*

      Reply to Point of Error Number Two ............................................. 8-11
      *The trial court did not abuse its discretion in allowing testimony from the assistant manager of the victim business.*

Prayer for Relief ................................................................................................... 12

Certificate of Compliance ..................................................................................... 13

Certificate of Service ............................................................................................ 14

# Index of Authorities

## <u>Cases</u>

*Cantu v. State*, 939 S.W.2d 627 (Tex. Crim. App. 1997)....................................10,11

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009)...............................10

*Dewalt v. State*, 307 S.W.3d 437 (Tex. App.—Austin 2010, pet. ref'd)...................4

*Goodwin v. State*, 91 S.W.3d 912 (Tex. App—Fort Worth 2002, no pet.) .............10

*Hart v. State*, 173 S.W.3d 131 (Tex. App.—Texarkana 2005, no pet.) ...................6

*Lincicome v. State*, 3 S.W.3d 644 (Tex. App.—Amarillo 1999, no pet.)..................9

*Martinez v. State*, 327 S.W.3d 727 (Tex. Crim. App. 2010) ....................................9

*Martinez v. State*, 588 S.W.2d 954 (Tex. Crim. App. [Panel Op.] 1979).................6

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) ..............................9

*Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd) ...............9

*Robbins v. State*, 88 S.W.3d 256 (Tex. Crim. App. 2002) .......................................9

*Robinson v. State*, 35 S.W.3d 257 (Tex. App.—Texarkana 2000, pet. ref'd)...........9

*Sells v. State*, 121 S.W.3d 748 (Tex. Crim. App. 2003) ...........................................4

*Taylor v. State*, 93 S.W.3d 487 (Tex. App—Texarkana 2002, pet. ref'd.) .............10

*Thompson v. State*, 267 S.W.3d 514 (Tex. App.—Austin 2008, pet. ref'd).............6

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000).................................9

*Wheeler v. State*, 67 S.W.3d 879 (Tex. Crim. App. 2002) .....................................10

*Wilder v. State*, 111 S.W.3d 249 (Tex. App.—Texarkana 2003, pet. ref'd) .............9

**Rules of Appellate Procedure**

Tex. R. App. Proc. 33.1(a)(1) ...................................................................................8

## Statement of the Case

Appellant, Reginald Reece, was convicted by a jury of Theft of property with two prior theft convictions in the 202nd Judicial District Court of Bowie County, Texas, the Honorable Leon F. Pesek, Jr. presiding. The jury assessed punishment at twenty (20) years in the Institutional Division of the Department of Criminal Justice, and the Judge sentenced the Appellant accordingly. Appellant then perfected appeal to this Honorable Court and this court and Appellant's trial was revered as to punishment in Reece v. State, No. 06-13-0082-CR, 2014 WL 1851322. Appellant was re-tried on punishment only on October 15, 2014. A second jury again assessed his punishment at twenty (20) years in the Institutional Division of the Department of Criminal Justice, and the Judge sentenced the Appellant accordingly. He now appeals the punishment verdict of the trial court on two points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE:

*The trial court did not abuse its discretion in preventing Appellant from introducing facts and sentences from other cases in front of the jury panel during voir dire.*

REPLY TO POINT OF ERROR NUMBER TWO:

*The trial court did not abuse its discretion in allowing testimony from the assistant manager of the victim business.*

# Summary of the Argument

REPLY TO POINT OF ERROR NUMBER ONE:

*The trial court did not abuse its discretion in preventing Appellant from introducing facts and sentences from other cases in front of the jury panel during voir dire.*

The trial court did not allow the Appellant to get into specific cases and their sentences during voir dire. The Appellant was allowed to properly question the jury as to whether or not they could consider the full range of punishment. Therefore, the trial court did not abuse its discretion in limiting the Appellant's voir dire.

REPLY TO POINT OF ERROR NUMBER TWO:

*The trial court did not abuse its discretion in allowing testimony from the assistant manager of the victim business.*

The trial court did err in overruling the Appellant's objection to the testimony of Wal-Mart Assistant Manager Mark Harrison. The testimony was proper victim-impact and was relevant for the jury to assess punishment. The trial court did not abuse its discretion in allowing his testimony.

3

## Argument

## <u>Reply to Point of Error One</u>

*The trial court did not abuse its discretion in preventing Appellant from introducing facts and sentences from other cases in front of the jury panel during voir dire.*

## Argument and Authorities

## A. Preservation of Error

"If an appellant does not actually frame a question to the trial court, nothing is preserved for review."[1] In addition, there is not preservation of error where the Appellant merely informs the court of the general subject area from which he seeks to propound questions.[2] To preserve error, the Appellant "must show that he was prevented from asking particular questions that were proper"[3]

Appellant has not preserved his voir dire complaint for review. There is nothing in the record to reveal what particular questions Reece's counsel was prevented from asking the panel.

Prior to voir dire, the State objected to certain slides of the Appellant's voir dire power point. (R.R. Vol. 2, p. 6). The objection was that the slides sought to introduce to the jury panel facts from other cases and the sentences the individuals

---

[1] *Dewalt v. State*, 307 S.W.3d 437, 457 (Tex. App.—Austin 2010, pet. ref'd).
[2] *Id.*
[3] *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003).

in those cases received. (R.R. Vol. 2, p. 10; Record Exhibit No. 2, R.R. Vol. 4). The Appellant's response was that they were "entitled to voir dire to be able to exercise our peremptory challenges on different offenses that these people may have realized occurred in Bowie County and how they – attitudes towards punishment in those offense." (R.R. Vol. 2, p. 11). The trial court sustained the State's objection. (R.R. Vol. 2, p. 11).

For clarification, on appeal, Reece references State's Record Exhibits 2 and 3. However, a review of the record indicates that both slides which were excluded by the trial court were actually both part of State's Record Exhibit 2. The State also objected to the portion of Appellant's slide show that stated "We punish the person because we do not like them," which is contained in State's Record Exhibit 3 (R.R. Vol. 4). However, the trial court stated it would allow the question. (R.R. Vol. 2, p. 14).

The crux of Appellant's complaint is that he was unable to question the jury panel related to State's Record Exhibit 2. While the slides contain questions about whether there is agreement regarding whether appropriate sentences were received by the individuals in other cases, the Appellant did not actually frame a question to the trial court. For this reason, the Appellant has failed to preserve this point of error for review.

## B. Standard of Review

Should this court determine the Appellant preserved this point of error for review, it was not an abuse of discretion for the trial court to limit Appellant's voir dire. A trial court may impose reasonable restrictions on voir dire examination.[4] A trial court's decision to limit voir dire should be reviewed under an abuse of discretion standard.[5] The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry.[6]

## B. Application of Law to Facts

Appellant argues the trial court committed error by limiting his right to voir dire the jury panel on punishment. Appellant argues that because the trial court sustained the State's objections to two slides of his voir dire, that it amounted to an impermissible limitation on his voir dire.

Both the State and the defense have the right to inform the jury of the range of punishment applicable to an offense and to quality the panel on the fully possible range of punishment applicable to the case.[7] Jurors must be able to consider the full range of punishment for an offense.

---

[4] *Thompson v. State*, 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd) (citing *Boyd v. State*, 811 S.W.2d 105, 115 (Tex. Crim. App. 1991)).

[5] *Id.*

[6] *Id.*

[7] *Martinez v. State*, 588 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1979); *Hart v. State*, 173 S.W.3d 131 (Tex. App.—Texarkana 2005, no pet.).

The trial court sustained the State's objection to the power point slide which contained facts of other cases and the sentences received in those cases stating:

> "The court is going to sustain the State's objection on the basis that these questions open up issues that involve other cases. The jury was not available to hear all the evidence in those particular cases to understand what may have been an appropriate or inappropriate sentence in any particular case. The Court does agree that that could lead to confusion or would cause a jury to be committed as to a particular line of sentencing, and the Court finds that to be improper." (R.R. Vol. 2, p. 12).

The question on the slide boiled down to, do you agree that twenty-years is an adequate punishment for intoxicated manslaughter and 'do you agree life is an adequate punishment for capital murder.' These questions are essentially commitment questions and totally unrelated to the case at bar. The panel had no facts in front of them to make such a determination about what is adequate punishment. It was proper for the trial court to limit this line of questioning.

However, the Appellant was allowed to voir dire the jury panel as to the full range of punishment. (R.R. Vol. 2, p. 63, 64). The Appellant additionally was allowed to ask the following question: "[b]ut you would agree that a misdemeanor shoplifting case is not akin to murder in punishment for murder.. [t]hat those punishments ought to be different." (R.R. Vol. 2, p. 45).

The trial court allowed the Appellant to ask the jury panel proper questions related to whether they could consider the full range of punishment.

7

For these reasons, Appellant's first point of error should be overruled.

## Reply to Point of Error Two

*The trial court did not abuse its discretion in allowing testimony from the assistant manager of the victim business.*

## Argument and Authorities

### A. Preservation of Error

To present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion.[8] Appellant's second point of error is that the trial court erroneously allowed the State to elicit inadmissible evidence of victim impact.

At trial the Appellant objected that Assistant Manager Mark Harrison's testimony was not relevant. Mr. Harrison testified that as assistant manager of Wal-Mart, if they can protect their assets it helps keep costs down. (R.R. Vol. 3, p. 58). The trial court overruled the Appellant's objection. The State continued it's line of questioning and the Appellant did not object. (R.R. Vol. 3, p. 59). The Appellant also did not request a running objection at any time. Because the Appellant did not make a timely objection to the trial court related to the rest of the testimony, Appellant has not preserved a complaint for appellate review related to

---

[8] Tex. R. App. Proc. 33.1(a)(1).

8

the further questioning of Mr. Harrison regarding the impact shoplifting has on his store.

## B. Standard of Review

The trial court has wide discretion in deciding whether to admit or exclude evidence.[9] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[10] This inquiry depends on the facts of each case.[11]

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford great deference to the trial court's balancing determination and should reverse a trial court "rarely and only after a clear abuse of discretion."[12] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[13] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the

---

[9] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd).

[10] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).

[11] *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

[12] *Robbins v. State*, 88 S.W.3d 256, 262 (Tex. Crim. App. 2002).

[13] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.

"zone of reasonable disagreement."[14] A trial court's evidentiary ruling must be upheld if it was correct under any theory of law applicable to the case.[15]

## C. Application of Law to Facts

Appellant objected to the following testimony being irrelevant,

STATE:     And in your current capacity as an assistant manager, do you have a significant desire to have an impact on being able to control the merchandise that is taken from the store? Do you have a reason as to why you want to protect the store merchandise?

WITNESS:  Yes, sir. If we can protect our assets, it helps keep costs down.

…

(R.R. Vol. 3, p. 58).

Appellant claims that this testimony was irrelevant because it improper victim impact evidence. Appellant cites *Cantu v. State*[16] for the proposition that the evidence is inadmissible. However, in *Cantu*, the Texas Court of Criminal Appeals found it was improper to admit testimony from a victim's mother during the punishment phase as to the daughter's good character, activities she enjoyed and

---

[14] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).
[15] *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).
[16] *Cantu v. State*, 939 S.W.2d 627 (Tex. Crim. App. 1997).

the impact of her on her family.[17] However, her daughter was not the victim named in the indictment and the Defendant was actually standing trial for capital murder of another, different individual.[18]

Here, the witness Mark Harrison was an assistant manager of the victim, Wal-Mart, and had been employed by the corporation for 20 years. (R.R. Vol. 3, p. 57-58). His testimony was relevant and admissible during punishment as he served as a spokesperson for the victim business and had knowledge of the impact stealing has on the store. Appellant has not cited any case law, and the State has failed to find any, which would prevent a representative of the victim with personal knowledge from testifying as to the impact the offense has on the store.

The trial court did not abuse its discretion in allowing Mark Harrison to testify during the punishment phase as to the impact theft has on the victim.

For these reasons, Appellant's second point of error should be overruled.

---

[17] *Id.* at 637.
[18] *Id.*

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


\_\_/s/Lauren N. Sutton_____
By:   Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

## Certificate of Compliance

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 5,827 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

\_\_/s/Lauren N. Sutton_____

**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Al Smith, Attorney for Appellant, on this the 23rd day of June, 2015.

__/s/Lauren N. Sutton_____

**Lauren N. Sutton**
