**Opinion filed August 18, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00225-CR

_____

## CHRISTINE EVA DORRIES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25204A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Christine Eva Dorries of theft enhanced by two prior theft convictions. *See* TEX. PENAL CODE § 31.03(e)(4)(D) (West Supp. 2016). The trial court assessed her punishment at confinement for six months, suspended the imposition of the sentence, and placed Appellant on community supervision for eighteen months. The trial court also ordered restitution in the amount of $2,500.

In Appellant's sole point of error, she contends that the trial court erred when it limited her voir dire of the jury panel. We affirm.

There is no challenge to the sufficiency of the evidence. Suffice it to say that the evidence shows that several welding tables had been stolen from a lot owned by Ronny Bryan. Jordan Dewitt Bryan, Ronny's son, saw the welding tables at a scrapyard where he had gone to purchase materials. Records from the scrapyard revealed that Appellant was the person who had sold the welding tables to the scrapyard.

During voir dire, trial counsel asked, "[D]o any of you have experience as a single parent, or can relate . . . to a single parent?" Even though the State did not object to the question, the trial court instructed the prospective jurors not to answer the question and instructed trial counsel to continue with voir dire without asking the prospective jurors about their marital status, other than what they had already revealed. Outside the presence of the jury panel, trial counsel explained that she thought "other people that have had similar experiences could probably relate to her if she takes the stand." The trial court did not change its position.

"The trial court possesses wide discretion over the course of the voir dire examination of a prospective juror." *Mays v. State*, 726 S.W.2d 937, 948 (Tex. Crim. App. 1986). The trial court may impose reasonable restrictions on voir dire examination. *Thompson v. State*, 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd) (citing *Boyd v. State*, 811 S.W.2d 105, 115 (Tex. Crim. App. 1991)). We review a trial court's decision to limit voir dire for an abuse of discretion. *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995).

Appellant argues that the trial court's action resulted in a denial of her right to attempt to empanel an impartial jury. However, we fail to see how the jury panel's marital status or family status is relevant to whether Appellant committed the offense of theft. Further, because Appellant's punishment was assessed by the trial court,

2

the jury panel's marital status would have had no influence on the punishment assessed. Accordingly, we hold that the trial court did not abuse its discretion when it refused to allow trial counsel to ask about the family status of the jury panel. Appellant's sole point of error is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


August 18, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.