

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00024-CR

JAMES DAVID HAYNES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 14F0359-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

James David Haynes, Jr., stands convicted of aggravated sexual assault of a child[1] and, for that, has been sentenced to life in prison. On appeal, Haynes claims error in the trial court's limitation on inquiries Haynes would have made of the jury venire during voir dire. We affirm the trial court's judgment, because, although (1) Haynes preserved this issue for appeal, (2) Haynes' proposed question amounted to an improper commitment question.

Before trial in this case, Haynes had previously been adjudicated, as a juvenile, to have sexually assaulted three girls, one of whom, Alice,[2] was his current victim. The State filed a motion in limine and included in its scope a request to keep Haynes from discussing in voir dire his previous juvenile adjudications for aggravated sexual assault and indecency with a child by sexual contact. Haynes complained that this restriction would unfairly impede his defensive strategy:

> I think that the Court is already aware from our earlier questioning of the outcry witnesses that our defense basically is that this young lady is talking about the same event for which this young man has already been punished, and I think that I have a right with regard to the punishment range issues of the jury to talk to them about whether or not they can consider the entire punishment range knowing that this young man has been already adjudicated with respect to a similar crime with the same victim. I think that to preclude me from being able to ask such questions on voir dire would greatly impair my ability to pick a jury that is not prone to conviction just based on knowledge that he has once before been convicted [adjudicated], and in order for us to sustain our defense, we're going to bring that information at some particular point in the trial.

---

[1]*See* Act of April 7, 2011, 82d Leg., R.S., ch. 1, § 6.05, 2011 Tex. Gen. Laws 1, 16 (amended 2015, 2017) (current version at TEX. PENAL CODE § 22.021 (West Supp. 2017)).

[2]Alice is the pseudonym used in the trial court. *See* Tex. R. APP. P. 9.8.

The trial court made this effort to clarify Haynes' request:

> I take it, [Counsel], that the nature of your question that you're proposing to ask would be "If you learned that he had previously been convicted of an offense involving the same child, are you just going to shut down and it's going to be a guilty verdict from that point forward, it doesn't matter what the rest of the evidence is?"

Haynes agreed with the court's summary, saying, "[I]f a potential juror knows from the beginning of this trial that the information would preclude them fair [sic] and considering the entire range [of punishment], I think I have a right to know that." The court granted the State's motion in limine, thus effectively overruling Haynes' request to question the venire on Haynes' earlier adjudication.

*(1)     Haynes Preserved this Issue for Appeal*

At first glance, one might question whether Haynes preserved this argument for our review, given that it was addressed in the context of the State's motion in limine. It is true that one of the paragraphs of the State's motion in limine sought to bar Haynes from discussing in voir dire his previous juvenile adjudication for aggravated sexual assault and indecency with a child by sexual contact. Generally, positions taken in connection with a motion in limine do not preserve any issue for appeal. *See Gonzales v. State*, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985) ("For error to be preserved with regard to the subject matter of the motion in limine it is absolutely necessary that an objection be made at the time when the subject is raised during trial."). Where the topic addressed in the limine motion results in an "adverse final ruling," however, error will be preserved. *Geuder v. State*, 115 S.W.3d 11, 14–15 n.10 (Tex. Crim. App. 2003). In *Draughon v. State*, 831 S.W.2d 331 (Tex. Crim. App. 1992), Draughon filed a document he titled a motion in limine. He sought to preclude the State from questioning the venire panel about their attitudes

3

toward the death penalty, and the trial court refused to so limit the questioning. The Texas Court of Criminal Appeals did not find Draughon's motion to be "truly a motion in limine, since it d[id] not constitute a request that the admissibility of evidence or disposition of another matter . . . be determined outside the jury's presence." *Id.* at 333 n.1. Draughon's request, or motion, "was sufficient to apprise the trial judge of his complaint, and . . . the judge's adverse ruling . . . was authoritative enough to obviate the necessity for further objection during the *voir dire* examination of particular veniremembers." *Id.*

Preservation was similarly accomplished in *Nunfio v. State*, 808 S.W.2d 482 (Tex. Crim. App. 1991), *overruled on other grounds by Barajas v. State*, 93 S.W.3d 36, 41 (Tex. Crim. App. 2002) (overruling *Nunfio* to extent that Nunfio's proposed question was a "fishing expedition"). In *Nunfio*, the trial court granted the State's motion in limine, "which restricted appellant from questioning the venire about a certain area, the vocation of the victim." *Nunfio*, 808 S.W.2d at 483–84. Nunfio asked if he could "use a hypothetical fact situation, if the victim is a nun, could they be fair and impartial?" "No," replied the court. *Id.* at 484. "Once appellant posed the specific question he sought to ask the venire and the judge refused to allow the question, the ruling by the trial court amounted to a direct order not to ask the question," not a preliminary order. *Id.* Because Nunfio got a specific ruling on a specific question, he properly preserved the issue for review. *Id.*

Likewise, we find preservation of error here.

*(2)    Haynes' Proposed Question Amounted to an Improper Commitment Question*

A "trial court may impose reasonable restrictions on . . . voir dire examination." *Thompson v. State*, 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd) (citing *Boyd v. State*, 811

4

S.W.2d 105, 115 (Tex. Crim. App. 1991)). "We review the trial court's decision to limit voir dire under an abuse of discretion standard." *Id*. (citing *Boyd*, 811 S.W.2d at 115–16). "The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry." *Id*. (citing *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995)). A trial court abuses its discretion when its "denial of the right to ask a proper question prevents determination of whether grounds exist to challenge for cause or denies intelligent use of peremptory challenges." *Mason v. State*, 116 S.W.3d 248, 253 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (quoting *Babcock v. Nw. Mem'l Hosp*., 767 S.W.2d 705, 709 (Tex. 1989)).

"'[A]n attorney cannot attempt to bind or commit a prospective juror to a verdict based on a hypothetical set of facts.' The rule is easily stated but has not been so easily applied." *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001) (quoting *Allridge v. State*, 850 S.W.2d 471, 480 (Tex. Crim. App. 1991)). "Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. Often, such questions ask for a 'yes' or 'no' answer, in which one or both of the possible answers commits the jury to resolving an issue a certain way." *Standefer*, 59 S.W.3d at 179.

The Texas Court of Criminal Appeals explained the propriety of commitment questions in *Standefer*: "(1) Is the question a commitment question, and (2) Does the question include facts— and only those facts—that lead to a valid challenge for cause? If the answer to (1) is 'yes' and the answer to (2) is 'no,' then the question is an improper commitment question, and the trial court should not allow the question." *Id.* at 182–83. Standefer wished to inquire of the venire, "Would you presume someone guilty if he or she refused a breath test on their refusal alone?" *Id*. at 183.

5

Standefer's proposed question asked the potential jurors to commit to answering an elemental issue based solely on the existence of one particular fact. But the proposed question would not lead to a valid challenge for cause. Evidence of one refusing to take a breath test is admissible. *See* TEX. TRANSP. CODE ANN. § 724.061 (West 2011). The trial court properly precluded Standefer from asking the question.

Haynes claims that *Jacobs v. State*, decided by this Court last year, supports his argument. *See Jacobs v. State*, 506 S.W.3d 127 (Tex. App.—Texarkana 2016, pet. granted). We distinguish *Jacobs* from the situation before us now.

Jacobs wanted to pose questions to the venire regarding the effect of evidence of a prior sexual-offense conviction, which would likely be admitted in trial. We found the trial court erred when it required Jacobs, during voir dire, to refer to his prior conviction as an assaultive offense rather than a sexual offense. Jacobs wanted to ask the venire five specific questions:

> 1.  Whether they would convict if an "unrelated sexual offense [wa]s proven beyond a reasonable doubt," even if the State failed to prove the offense charged in the current trial had not occurred in Bowie County;
>
> 2.  Whether they would convict if an "unrelated sexual offense [wa]s proven beyond a reasonable doubt," even if the State failed to prove the offense charged in the current trial had not occurred on November 25, 2014;
>
> 3.  Whether they would convict if an "unrelated sexual offense [wa]s proven beyond a reasonable doubt," even if the State failed to prove that Jacobs intentionally or knowingly digitally penetrated the victim's sexual organ;
>
> 4.  Whether they would convict if an "unrelated sexual offense [wa]s proven beyond a reasonable doubt," if the State "only prove[d] that . . . Jacobs contacted the sexual organ of [the victim] with his finger; and

6

5.    Whether they would convict if an "unrelated sexual offense [wa]s proven beyond a reasonable doubt, even if the State failed to prove the victim was younger than fourteen years of age when the alleged offense occurred.

*Jacobs*, 506 S.W.3d at 131–32.  There, the trial court found each of Jacobs' proposed questions were commitment questions, because each "asked the prospective jurors whether they would resolve an element of the State's case based solely on the State proving an unrelated sexual offense."  *Id.* at 133.  We analyzed whether each question satisfied the two *Standefer* criteria, that is, that one possible answer to each question must have led to a valid challenge for cause and that each proposed question "must contain *only* those facts necessary to test whether a prospective juror [wa]s challengeable for cause."  *Standefer*, 59 S.W.3d at 182.

Questions one, two, and five (regarding proof of venue, offense date, and age of the alleged victim, respectively) could each lead to a valid challenge for cause, thus meeting the first *Standefer* prong.[3]  *Jacobs*, 506 S.W.3d at 134.  Question three could not.  Question three asked if venire-members would convict based on proof of an unrelated prior sexual offense, notwithstanding failure by the State to prove intentional or knowing digital penetration of the complainant's sexual organ.  As phrased by Jacobs, the question was compound in that it could "be answered affirmatively if a prospective juror would consider the fact of the prior, unrelated sexual offense [to] at least partial[ly] support . . . a finding beyond a reasonable doubt that Jacobs had an intentional or knowing mens rea as to his currently charged behavior."  *Id.* at 135.  In accordance with Article 38.37 of the Texas Code of Criminal Procedure, it would be permissible for a juror to

---

[3]These questions inquired about proof of requisite elements for the charged offense.  Veniremembers answering yes to these questions would have convicted based on evidence of another sexual offense but without holding the State to its burden on an element of the offense.

consider the extraneous offense evidence in resolving whether the element of the offense—whether Jacobs intentionally or knowingly penetrated the victim's sexual organ with his finger—was proven beyond a reasonable doubt. *Id*. at 134–35.

Question four met *Standefer*'s first prong, because that question allowed for consideration of the extraneous offense only in determining if Jacobs committed a lesser offense, indecency with a child by contact. "Therefore, a potential juror who would . . . require the State to prove [only] contact in order to convict Jacobs of aggravated sexual assault would have a bias against the law requiring the State to prove all of the elements of the charged offense beyond a reasonable doubt and would be challengeable for cause." *Id.* at 135.

Having determined that four of Jacobs' suggested questions would lead to valid challenges for cause, we next inquired whether those questions, as phrased by the defense, "include[d] only those facts necessary to lead to a valid challenge for cause." *Id.* (citing *Standefer*, 59 S.W.3d at 183). We concluded that those four questions included only such facts and that, therefore, the trial court erred in disallowing those four questions. Jacobs offered questions including reference to "an unrelated sexual offense," but "did not seek to discuss the specifics" of that offense. *Jacobs*, 506 S.W.3d at 136. "Because sexual offenses are the only type of offenses allowed to be admitted in the guilt/innocent phase of the trial under Article 38.37, Section 2(b)," we found that this was proper and that Jacobs therefore "was entitled to question the jury panel about this law, which was critical to the case." *Id*.

Conversely, Haynes' question contained the fact that he had been previously adjudicated of an offense against the same child victim involved in the indictment at bar. Article 38.37 of the

8

Texas Code of Criminal Procedure allows admission of proof of any of several enumerated offenses, not just those involving the same victim. This does not meet *Standefer*'s second criteria. It was not necessary or proper to pose a question with the specific fact that the complainant in the pending trial was a child against whom Haynes was previously found to have committed a sexual assault. Haynes' question would not have led to a valid challenge for cause and was, therefore, an improper commitment question. The trial court was correct in prohibiting Haynes' use of this question.

The trial court did not abuse its discretion in precluding Haynes' question.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 20, 2017
Date Decided:       December 13, 2017

Do Not Publish

9