### MATTIE WATERS v. THE STATE.

No. 4503. Decided June 13, 1917.

**1.—Theft From Person—Sufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence although conflicting was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the court qualified defendant's bills of exception and he accepted the same, he was bound thereby.

**3.—Same—Suspended Sentence—Practice in District Court.**

Where defendant properly pleaded for a suspended sentence, and in cross-examination by the State was permitted to prove her character, which showed arrest for felony, but offered no testimony that she had never before been convicted of felony, and the court refused to submit a charge on a suspended sentence, but suggested to the attorney for defendant to withdraw the application for suspended sentence, which he refused to do, there is no reversible error.

**4.—Same—Motion for New Trial—Newly Discovered Evidence.**

Where the motion for new trial on the ground of newly discovered evidence showed no diligence and the same was not properly supported by affidavit, the same was properly overruled. Following Gray v. State, 65 Texas Crim. Rep., 204.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of theft from the person and her punishment assessed at the lowest prescribed by law.

The evidence was conflicting. That by the State was amply sufficient, and it evidently was believed by the jury, to show her guilt.

She herself testified and denied the whole transaction. The jury evidently did not believe her testimony.

She has several bills of exception. The court refused most of them outright and explained and qualified all the others. Appellant accepted them as thus qualified and is bound thereby. The court in some of

his explanations shows that the attorneys who prepared the bills did not try the case; that no stenographic report of the testimony was written out and that this accounts for the bills as prepared being incorrect and some of them refused.

Appellant properly pleaded for a suspended sentence. She testified in her own behalf, and in cross-examination of her the State was permitted to prove her character and the number of times that she had been arrested for different offenses and such like matter, all of which was admissible because of her said plea, the court stating at the time that the testimony was admissible and he admitted it because of her said plea, which was insisted upon all the time. She introduced no witness and offered no testimony other than her own, and then closed. She offered no testimony at all to show that she had never been convicted of a felony in this State or elsewhere. Thereupon the court, in the absence of the jury, suggested to her attorney that if he was not going to make such proof it would be better if he would abandon or withdraw his application for a suspended sentence, which would make the rules of evidence much more clear in the case. He refused to do this. Thereupon the court, at his own instance, withdrew from the jury all of the testimony of her character and of the different arrests which had been made of her and instructed the jury not to consider any of that evidence for any purpose whatever; and as she offered no testimony to show that she had never been convicted of a felony, as stated, the court declined to submit to the jury any charge on a suspended sentence.

The action of the court in all these respects was strictly in accordance with the statute and the many decisions of this court thereunder. (2 Vernon's Ann. Crim. Stats., arts, 865b and 865c, and the decisions collated thereunder.)

The only other bill complains of the action of the court in overruling her motion for a new trial on the ground of claimed newly discovered testimony of Lottie Harris. The court calls attention to the fact in approving this bill that no diligence was shown, no fact newly discovered and no oath by anyone to the truth of the same. The bill does not intimate that appellant introduced or offered any testimony whatever to support his motion. His motion on that ground is not sworn to by any person. The affidavit of the claimed witness and what she would testify is not attached, and no reason at all was even alleged why this was not done. Clearly the action of the court on this point was correct. (Art. 837, C. C. P., sub. 6; Gray v. State, 65 Texas Crim. Rep., 204, and authorities there cited. It is useless to cite others.)

The judgment is affirmed.

*Affirmed.*