**Vence PALASOTA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43164.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 16, 1970.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

138

Elmer McVey, Bryan, for appellant.

D. Brooks Cofer, Jr., Dist. Atty., Bryan, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for murder without malice with the punishment assessed by the jury at five years.

■ We find no error in appellant's complaint that the court erred in overruling his first motion for continuance based on the absence of the witness Albert Puhlmann. The indictment was presented on November 26, 1968. On March 21, 1969, the case was set for trial on September 8, 1969. The motion for continuance filed on the day of trial did not set forth the facts expected to be proved by such witness nor was there an affidavit of such witness attached thereto. Said motion merely alleged that "facts which this defendant expects to prove by said witness are, in substance, facts which will verify that defendant acted in self defense." It is well established that mere conclusions and general averments are not sufficient for the court to determine their materiality, and the motion for continuance must show on its face the materiality of the absent testimony. See 1 Branch's Ann.P.C., 2d ed., Sec. 333, p. 366. In perfecting his bill of exception to the court's action, appellant's counsel attached a letter he had written to the missing witness which expressly reflects counsel had no knowledge as to what facts the witness would testify. Further, a motion for new trial based upon the overruling of a motion for continuance because of the absence of a witness should have the affidavit of the missing witness or a showing under oath from some source that the witness would actually testify to the facts set out in the motion for new trial. See 1 Branch's Ann.P.C., 2d ed., Sec. 357 and cases there cited. This was not done in the case at bar.

No error is presented.

■ Next, appellant contends the court erred in refusing to grant a new trial since Mrs. Barbara Trujillo, who was not a qualified voter, served on the jury. He relies upon Articles 5.02 and 5.08, Texas Election Code, V.A.T.S.

"The discovery after verdict that a juror was not a qualified voter in the county because of an insufficient term of residence will not require a new trial in the absence of a showing of injury to defendant by reason thereof, and it must also appear that it was not owing to any connivance or want of diligence on the part of defendant that such juror served." 1 Branch's Ann.P.C., 2d ed., Sec. 570, p. 544. See also Sec. 544 (Waiver of irregularities) p. 524, 525.

At the hearing on the motion for new trial Mrs. Trujillo testified she had been a resident of Brazos County since 1966 and was registered as a voter and paid personal property taxes. She related she and her husband had gone to Florida in October, 1968, to explore a job possibility for him, had purchased a lot there for their house trailer and as a future vacation spot, but had returned to Brazos County on February 24, 1969, where her husband was now employed. She further stated, "We had never changed our voting, and we came back and got our driver's licenses and everything." Mrs. Trujillo reminded the attorneys that on voir dire examination she had explained she had not read about the alleged offense in the newspaper because "We had retired and went to Florida" and had not returned until February. She also noted she had understood the questions as to qualifications and having had previous jury experience answered to the best of her ability.

The evidence is clear that Mrs. Trujillo had returned to Texas more than six months prior to trial and had not abandoned her Texas residence and made the fact of her Florida stay known to the attorneys during the voir dire examination.

We perceive no error.

■ Appellant also urges the court erred in denying his request for the court

to fix the punishment after the jury's verdict of guilty. The State did not seek nor waive the death penalty. See Article 1.14, Vernon's Ann.C.C.P. By announcing ready and proceeding to trial the State in effect waived the extreme penalty. See Smith v. State, Tex.Cr.App., 455 S.W.2d 748. Prior to trial, however, the appellant filed his written sworn motion for probation, alleging he had not previously been convicted of a felony. The filing of such motion brought into play the provisions of Article 37.07, Sec. 2(b) (2), V.A.C.C.P., requiring the jury to pass upon the issue of punishment and the question of probation. See also Article 42.12, Sec. 3a, V.A.C.C.P.[1] It is true, of course, that after a guilty verdict a defendant may change his election as to whom assesses punishment provided he obtains the consent of the attorney for the State. See Article 37.07, 2(b), supra. In denying the request, the court expressly noted that the State had refused to consent. We conclude that the court did not err in denying appellant's motion.

■ The record reflects that at the penalty stage of the trial the State waived its opening argument. Following the defense argument the prosecutor made his closing address. At its conclusion appellant's counsel requested a short rejoinder. Such request was refused and appellant urges such refusal as error. He relies upon Article 36.08, V.A.C.C.P., which provides:

"The court shall never restrict the argument in felony cases to a number of addresses less than two on each side."

He acknowledges the State's right to make the concluding argument (See Article

36.07, V.A.C.C.P.) and admits, in oral argument before this court, that he made no earlier request.

He also recognizes that Pryor v. State, Tex.Cr.App., 449 S.W.2d 482, has been decided contrary to his position. He insists, however, that such decision was based upon 1 Branch's Ann.P.C., 2d ed., Sec. 378, p. 399 and that "Mr. Branch amended the statute (Article 36.08, V.A.C.C.P.) by adding the phrase 'but it is within the discretion of the court whether the same counsel for the defendant may make more than one argument to the jury.'" He claims the cases cited in such authority do not support such interpretation. We do not agree. See particularly Morales v. State, 1 Tex.Cr.R. 494, 499, 28 Am.Rep. 419.

Be that as it may,[2] we find no error. The request for a rejoinder was based on appellant's claim that the prosecutor had, by innuendo, left the impression that the appellant had been previously convicted of a felony when there was no evidence in the case as to any conviction. It appears defense counsel had urged the jury to recommend probation, and State's counsel had pointed out that there was no proof offered that the appellant had not been convicted of a felony. It was to this argument appellant sought to reply.

■■ There was no proof offered that appellant was eligible for probation by virtue of the fact he had not previously been convicted of a felony. Under these circumstances, the court should not, as it did, have submitted the issue of probation. See Walker v. State, Tex.Cr.App., 440 S.W. 2d 653, 659. The mere filing of the sworn

1. Article 42.12, Sec. 3a, V.A.C.C.P., provides that a jury may recommend probation where the punishment does not exceed ten years and when the sworn motion and proof and jury finding shall reflect that the defendant has never before been convicted of a felony in this state or any other state. While many courts, as a means of a more desirable practice, also require a written sworn motion when an accused applies to the court for probation, there is no statutory requirement of

the same. Further, a trial court may grant probation regardless of the accused's previous felony conviction or convictions.

2. It is observed that Article 36.08, V.A. C.C.P., was former Article 649 brought forward in 1965 Code without change. It has not yet been interpreted in light of Article 37.07, V.A.C.C.P., providing for a bifurcated trial with jury arguments at both the guilt and penalty stages.

motion for probation is not sufficient; there must be proof of appellant's eligibility for probation in support of such sworn motion. See Article 42.12, Sec. 3a, V.A.C. C.P. Cf. former Articles 776 and 778 (of the Suspended Sentence Law); Anderson v. State, 91 Tex.Cr.R. 183, 238 S.W. 221; Waters v. State, 81 Tex.Cr.R. 491, 196 S.W. 536; Hawkins v. State, 74 Tex.Cr.R. 452, 168 S.W. 93.

The court did not err in refusing to allow the additional argument requested.

 Still further, appellant contends the court erred in failing to grant a new trial because of some statements made to some of the jurors on a public street after the verdict of guilty of murder without malice and prior to the deliberations on punishment.

Juror Ramirez testified that an unidentified woman in company with others asked some of the jurors walking behind him and Juror Sauseda "could they sleep good at night" and later this woman remarked when near him, "The damned jury ought to be shot between the eyes." There was no reply to these remarks, and Juror Ramirez assumed the woman was a relative of the deceased and the statements did not bother him. Juror Sauseda corroborated Ramirez's version of the incident.

Juror Trujillo related she did not hear the statements but the incident was mentioned when the jury returned to the jury room and it was decided to report the matter to the trial judge and the bailiff was so informed.

Jurors Ramirez and Trujillo testified the incident did not affect their verdict. Juror Sauseda's answers in this regard are confusing. It is obvious he did not understand the questions. These were the only jurors who testified.

"Just how far the conduct of bystanders or occupants of a courthouse during a trial will operate to cause a reversal is incapable of being reduced to any certain

rule." 1 Branch's Ann.P.C., 2d ed., Sec. 400, p. 423. See also Ashley v. State, Tex.Cr.App., 362 S.W.2d 847.

At the time of the statements the appellant who had been indicted for murder with malice aforethought had been found guilty of murder without malice, the jury having rejected his claim of self defense and the jury had apparently been allowed to separate under the provisions of Article 35.23, V.A.C.C.P. The unresponded to statements did not constitute a conversation within the meaning of Article 36.22, V.A. C.C.P. (See Pearson v. State, 145 Tex.Cr. R. 87, 165 S.W.2d 725) nor did they deprive the appellant of an impartial jury as required by Article I, Sec. 10 of the Texas Constitution, Vernon's Ann.St.

The court did not err in overruling the motion for new trial.

The judgment is affirmed.