**Leonard W. ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61798.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 10, 1979.

---

4. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

Allan R. Manka, San Antonio, on appeal only, for appellant.

Bill M. White, Dist. Atty., Lawrence J. Souza, Ron Mata and Monica L. Donahue, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

### OPINION

CLINTON, Judge.

On his guilty plea before the trial court appellant was found guilty, punishment was assessed, application for probation was *de-*

1. Having been bench warranted from the Texas Department of Corrections where he is serving time for *two* prior convictions, appellant is hardly a fit candidate for probation. Nevertheless court appointed counsel commendably saw

*nied* [1] and sentence imposed. To an otherwise unexceptional procedure, appellant makes but two complaints. One is utterly without merit; the other evokes agreement from the State that corrective action is appropriate. Neither, however, requires a recitation of facts relating to the offense.

█ Appellant filed and presented a motion to suppress evidence, claiming an illegal arrest and search of his person while in a residence that was raided by peace officers pursuant to a search warrant. At hearing on the motion, through a witness called by the State, an affidavit for and the search warrant were admitted in evidence—without objection. When testimony from that witness was completed, appellant not only informed the trial court that he had no witnesses but also stated he did not believe there was anything wrong with the warrant. As already indicated, there was a guilty plea; it was taken during an exemplary admonishment by the trial court and is supported by a judicial confession of appellant and stipulated testimony, including contents of an offense report that detail his presence and activities as the search warrant was being executed. The trial court honored a plea bargain. The controlled substance, heroin, that was seized was *not* introduced into evidence. Under these circumstances a ground of error complaining that the trial court erred in overruling the motion to suppress is untenable. *Mitchell v. State*, 586 S.W.2d 491 (Tex.Cr.App.1979); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr. App.1978); *Stiggers v. State*, 506 S.W.2d 609 (Tex.Cr.App.1974); cf. *Isam and Medley v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979).

In sentencing appellant the trial court stated the term assessed would begin and operate from *August 24*, 1978, the date apparently appellant was returned to Bexar County from TDC under the bench warrant. The written sentence, however, reflects the date of *November 17*, 1978, that being the

to it that appellant was afforded the opportunity for consideration by the trial court. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

day on which it was imposed. With his complaint that the trial court erred in approving the latter contrary to express provisions of Article 42.03, V.A.C.C.P.,[2] the State concurs and also graciously points out that the sentence fails to reflect the further pronouncement of the trial court that the term of confinement in this instant cause is to "run concurrent with the sentence he is serving now." However, the written sentence need not expressly so provide. See *Ex parte Reynolds*, 462 S.W.2d 605, 606 n. 1 (Tex.Cr.App.1970).

Therefore, as in *Guerra* supra, we reform the November 17, 1978 sentence in this cause to show mandatory credit for time served from August 24, 1978 and, as reformed, affirm the judgment of conviction.

The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

---

2. Section 2 of which mandates that the court "shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court." Since Acts 1973, 63rd Leg., p. 205, ch. 91, § 2, granting such credit is no longer a matter of discretion, *Guerra v. State*, 518 S.W.2d 815, 817 (Tex.Cr.App.1975).