

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00652-CR

Emilio Rene **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 13-CRD-90
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  November 4, 2015

AFFIRMED AS REFORMED

Emilio Rene Martinez was convicted by a jury of three counts of indecency with a child. On appeal, Martinez contends the trial court erred by: (1) failing to grant him a new trial because a juror withheld information during voir dire and the complainant improperly communicated with the jury; (2) admitting into evidence his prior conviction and sexually explicit magazines and DVDs; and (3) failing to include credit in the judgment for all of the time he had served. We reform the trial court's judgment to reflect that Martinez is entitled to credit for 482 days served, and we affirm the judgment as reformed.

## BACKGROUND

Martinez was indicted for four counts of indecency with a child, three counts of aggravated sexual assault, and one count of continuous sexual assault. The complainant in all of the charged offenses was Martinez's biological daughter, L.B., who was eight years old when the offenses occurred. L.B. made an outcry regarding the abuse to her adoptive mother,[1] and Martinez was arrested the following day.

All of the charged offenses were submitted to the jury except the count of continuous sexual assault which was dropped. The jury convicted Martinez on three counts of indecency with a child but acquitted him of the other charges. Because Martinez had a prior conviction of indecency with a child, he was sentenced to life imprisonment.

## WHETHER JUROR WITHHELD INFORMATION

In his first issue, Martinez contends the trial court erred in denying his motion for new trial because one of the jurors, Juror #16, withheld information during voir dire. Specifically, Martinez asserts the venire was asked during voir dire whether any of the potential jurors knew Martinez, and Juror #16 did not reveal that she knew him.

A.    Evidence Presented on Motion for New Trial

Martinez attached an affidavit from his cousin, Tomas Casarez, to his motion for new trial. The affidavit stated in late 2012 or early 2013, Juror #16 informed Casarez and his wife that Martinez was trying to ask out her daughter, who was sixteen or seventeen at the time. Juror #16 wanted Casarez and his wife to tell Martinez to stay away from her daughter. At the hearing on

---

[1] L.B.'s adoptive mother is her maternal grandmother. A few years before the outcry, L.B.'s biological mother voluntarily relinquished her paternal rights, and Martinez's paternal rights were terminated by court order while he was in prison for a prior offense of indecency with a child. L.B.'s maternal grandparents adopted her. The alleged abuse occurred when L.B.'s biological parents married and were living in the same house as L.B. and her maternal grandparents.

the motion for new trial, Martinez also offered into evidence an affidavit from Casarez's wife in which she stated the same information. Martinez also called Casarez as a witness at the hearing, and Casarez testified to the same information. Casarez was uncertain as to when he told Martinez's attorney this information, but Martinez's attorney testified Casarez told him the information after the jury returned its verdict.

An affidavit from Juror #16 was also introduced into evidence at the hearing. In her affidavit, Juror #16 denied she knew Martinez or ever spoke to Casarez or his wife about Martinez. Juror #16 further stated her daughter also told her she does not know Martinez. Martinez's attorney testified after he received Juror #16's affidavit at his office, Juror #16 called him and stated, "I hardly even know [Martinez]. I'm sorry, I don't know him at all, I don't know him at all." The trial court did not sign an order on the motion for new trial, so the motion was overruled by operation of law.

B.     Standard of Review and Analysis

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). We view the evidence in the light most favorable to the trial court's ruling and decide whether the trial court's decision was arbitrary and unreasonable. *Id*. At a motion for new trial hearing, the trial judge, as factfinder, is the sole judge of witness credibility with respect to both live testimony and affidavits. *Id*; *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013); *Brasher v. State*, 139 S.W.3d 369, 374 (Tex. App.— San Antonio 2004, pet. ref'd). If there is conflicting evidence on an issue of fact, the trial judge determines the issue and there is no abuse of discretion in overruling the motion for new trial. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); *Brasher*, 139 S.W.3d at 374. The same standard of review applies regardless of whether the motion for new trial is denied by an express ruling or overruled by operation of law. *See* TEX. R. APP. P. 21.8(c) (providing motion for

new trial is deemed denied absent timely ruling by written order); *Mallet v. State*, 9 S.W.3d 856, 868 (Tex. App.—Fort Worth 2000, no pet.) ("A trial court's decision to deny a motion for new trial or allow it to be overruled by operation of law is also reviewed on an abuse of discretion standard.").

In the instant case, the record contains conflicting evidence about whether Juror #16 knew Martinez. Accordingly, we defer to the trial court's evaluation of credibility and hold the trial court did not abuse its discretion. Martinez's first issue is overruled.

### ADMISSIBILITY OF PRIOR CONVICTION

In his second issue, Martinez asserts the trial court erred in determining the evidence at trial would support a finding by the jury that he committed a prior offense of indecency with a child beyond a reasonable doubt. Martinez contends nothing contained in the pen packet offered by the State during the pre-trial hearing sufficiently connected him to the prior offense.

Before evidence of Martinez's prior conviction for indecency with a child could be admitted at the trial of the underlying cause, article 37.37, section 2-a of the Texas Code of Criminal Procedure required the trial judge to: (1) "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that [Martinez] committed the [prior] offense beyond a reasonable doubt;" and (2) "conduct a hearing outside the presence of the jury for that purpose." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a (West Supp. 2014). A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see also Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd) (applying same standard of review to admissibility determination under article 37.37, section 2-a). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Devoe*, 354 S.W.3d at 469.

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* With regard to the second element, a photograph of the defendant contained in a pen packet can provide a sufficient link because this allows the factfinder to compare the photograph with the defendant's appearance in the courtroom. *Littles v. State*, 726 S.W.2d 26, 31-32 (Tex. Crim. App. 1987) (op. on reh'g); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd).

In this case, at the pre-trial hearing, the State provided the trial court with a certified copy of a pen packet containing a judgment documenting the prior conviction. The pen packet also contained Martinez's photograph. Martinez contends the photograph did not provide sufficient evidence to link him to the prior conviction because the photograph was unclear. We disagree. Because the trial court could compare the photograph to Martinez's appearance, the photograph provided sufficient evidence to link Martinez to the prior conviction. Martinez's second issue is overruled.

### IMPROPER COMMUNICATION WITH JURY

In his third issue, Martinez contends L.B. engaged in improper communication with the jury with the following outburst she shouted during the State's closing argument, "Look what you did, Emilio! You are making my mom cry!"[2] After the jury retired to deliberate, Martinez moved for a mistrial, arguing the outburst constituted an external communication to the jury.

---

[2] The record reflects that L.B. was removed from the courtroom after her outburst.

A. Article 36.22 and Standard of Review

Article 36.22 of the Texas Code of Criminal Procedure states, "No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006). "A violation of Article 36.22, once proven by the defendant, triggers a rebuttable presumption of injury to the accused, and a mistrial may be warranted." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We review a trial court's denial of a mistrial under an abuse of discretion standard. *Id*.

B. Violation of Article 36.22

In this case, Martinez was first required to establish a violation of article 36.22 by proving L.B.'s outburst equated to conversing with the jury about the case. Martinez cites three cases to support his assertion that L.B.'s outburst was prohibited by article 36.22. *See McIntire v. State*, 698 S.W.2d 652, 659 (Tex. Crim. App. 1985) (noting exchange between the person and the juror "need not constitute a full blown discussion of the specifics of a given case" and holding presumption of prejudice invoked where juror told witness which court he was in and nodded his head in response to whether it was appellant's case, after which the witness stated, "What do you do with a guy like that?"); *Ites v. State*, 923 S.W.2d 675, 676-78 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding article 36.22 was violated when the appellant's son, who had been sworn as a witness in the case, made a statement in the hallway in the jury's presence that he would kill himself if he had to spend an hour with "his daddy"); *Horst v. State*, 758 S.W.2d 311, 314 (Tex. App.—Amarillo 1988, pet. ref'd) (examining whether prejudice was rebutted when a juror overheard an unidentified man loudly comment, "If you put any of those Bandidos in jail, I'll kill you, son of a bitch," noting exchange need not rise to the level of a conservation). This court, however, has held "unless a juror responds to a statement, no conversation within the meaning of article 36.22 has occurred, and no burden is imposed on the State to rebut the presumption of

harm." *Badgett v. State*, No. 04-07-00364-CR, 2009 WL 142324, at *11 (Tex. App.—San Antonio Jan. 21, 2009, pet. ref'd) (mem. op., not designated for publication). In the *Badgett* opinion, this court cited *Palasota v. State*, 460 S.W.2d 137, 141 (Tex. Crim. App. 1970), stating "the Texas Court of Criminal Appeals has held the phrase 'to converse with a juror' does not encompass statements to which there is no response." *Id*. In *Palasota*, the court held "unresponded to statements" made by an unidentified woman to jurors on a public street "did not constitute a conversation within the meaning of Article 36.22." 460 S.W.2d at 141. Because the record shows that no juror responded to L.B.'s outburst, Martinez failed to establish the outburst was a violation of article 36.22. *See Palasota*, 460 S.W.3d at 141; *Badgett*, 2009 WL 142324, at *11.

      B.      Mistrial and Rebuttable Presumption of Prejudice

Even if we assume the outburst was a violation of article 36.22, "[w]hen determining whether the State sufficiently rebutted the presumption of harm, we view the evidence in the light most favorable to the trial court's ruling." *Ocon*, 284 S.W.3d at 884. "Because it is an extreme remedy, a mistrial should be granted only when residual prejudice remains after less drastic alternatives are explored." *Id*. at 884-85 (internal citations omitted). Less drastic alternatives include: (1) instructing the jury, including instructing the jury to disregard a comment; and (2) questioning the jury about the extent of any prejudice. *Id*. at 885. Although questioning jurors about allegations of misconduct is a helpful tool in determining the necessity of a mistrial, such questioning is not required. *Id*. at 886. Moreover, "if jurors are questioned, it should be at the behest of the movant." *Id*. Because questioning jurors is a less drastic remedy in comparison to moving for a mistrial, "[a]n appellant who moves for a mistrial without first requesting a less drastic alternative forfeits appellate review" if the error "could have been cured by the lesser remedy." *Id*. at 886-87. Stated differently, "we will not reverse a trial court's judgment when a

lesser, un-requested alternative, such as juror questioning, could have cured the problem." *Id*. at 887.

In this case, Martinez did not request the trial court to instruct the jury to disregard the comment or request the trial court to question the jurors about the extent of any potential prejudice resulting from the outburst. "Curative instructions frequently serve as effective alternatives to the extreme remedy of a mistrial." *Id*. Given the fact that the jury previously heard L.B.'s testimony and her mother's, questioning jurors about possible prejudice solely based on L.B.'s outburst is an important alternative for the trial court to have explored, especially because of the comments or outbursts L.B. directed at Martinez while she testified. Therefore, even if we assume the outburst was a violation of article 36.22, we would not reverse the trial court's judgment because it appears that one of these less drastic alternatives which Martinez failed to request "could have cured the problem." *Id*.

Martinez's third issue is overruled.

### SEXUALLY EXPLICIT MAGAZINES AND DVDS

In his fourth issue, Martinez asserts the trial court erred in admitting sexually explicit magazines and DVDs into evidence. Martinez contends the magazines and DVDs were not relevant or, if relevant, their probative value was substantially outweighed by the danger of unfair prejudice.[3] We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013); *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Under this standard, the trial court's ruling

---

[3] In his brief, Martinez also makes several arguments relating to the magazines and DVDs being constitutionally protected free speech under the First Amendment. Because Martinez did not raise a First Amendment objection regarding their admissibility at trial, however, we do not address his constitutional arguments. *See Nenno v. State*, 970 S.W.2d 549, 564 n.12 (Tex. Crim. App. 1998) (citing *Pondexter v. State*, 942 S.W.2d 577, 585 (Tex. Crim. App. 1996)), *overruled on other grounds*, *State v. Terrazas*, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999).

will be upheld if it is within the zone of reasonable disagreement. *Pawlak*, 420 S.W.3d at 810; *Tillman*, 354 S.W.3d at 435.

### A.   Relevance

Martinez first contends the magazines and DVDs were not relevant because they depicted images of adults, not children. Texas Rule of Evidence 401 defines relevant evidence as evidence which has any tendency to make a fact of consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401. "This broad definition lends itself to a liberal policy of admission of evidence for the jury's consideration." *Morales v. State*, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000).

At trial, L.B. testified Martinez would show her pornographic material before his sexual contact with her. The evidence also established L.B. told the SANE nurse and the forensic interviewer with the Children's Advocacy Center that Martinez showed her videos of people performing sexual acts. The magazines and DVDs, therefore, made L.B.'s statements that she viewed pornographic materials during Martinez's sexual contact with her more probable. In addition, the detective who recovered the magazines and DVDs testified "some of the videos" depicted women dressed in young girls' school uniforms while engaged in sexual acts in classroom settings. This evidence was relevant to prove Martinez's sexual interest extended to children. Considering L.B.'s testimony and the detective's description of the DVDs, we hold the trial court did not abuse its discretion in overruling Martinez's relevance objection.

### B.   Rule 403

Martinez next contends the trial court erred in admitting the magazines and DVDs because their probative value was substantially outweighed by the danger of unfair prejudice. Rule 403 of the Texas Rules of Evidence allows the trial court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice or the needless presentation of

cumulative evidence.  TEX. R. EVID. 403.  In conducting a Rule 403 analysis, we consider the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.  *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).  "Evidence is unfairly prejudicial when it has 'an undue tendency to suggest that a decision be made on an improper basis.'"  *Pawlak*, 420 S.W.3d at 809 (quoting *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g)).  "All evidence is prejudicial to one party or the other — it is only when there is clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable."  *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012).

With regard to the probative value of the evidence, as previously noted, the magazines and DVDs supported L.B.'s testimony that Martinez showed her pornographic materials before the sexual contact, and some of the DVDs depicted women dressed as school children engaged in sexual acts.  Because L.B.'s testimony about the pornographic materials had already been presented before the jury, it is not likely that the introduction and admission of the actual materials in Martinez's possession would have impressed the jury in an unfairly prejudicial way.  The detective's testimony regarding the magazines and DVDs consisted of seven pages of the four volume reporter's record of the guilt-innocence phase of trial containing approximately 1,137 pages which shows this evidence was developed during a brief period of time.  Finally, because Martinez challenged L.B.'s credibility, the State needed rebuttal evidence to support L.B.'s version of the events.  Having evaluated the relevant factors, we hold the trial court did not abuse its discretion in overruling Martinez's Rule 403 objection.[4]

---

[4] In his brief, Martinez contends this case is similar to *Pawlak* in which the Texas Court of Criminal Appeals sustained a Rule 403 challenge.  420 S.W.3d at 810-11.  In *Pawlak*, however, 9,900 male pornographic images, including male

## TIME CREDIT

In his final issue, Martinez contends the trial court erred in not including in the judgment all of the credit he should have received for the time he had served.

The trial court's judgment gives Martinez credit for 479 days served. In his motion for new trial, Martinez asserted the trial court's calculation of the credit was erroneous. At the hearing on the motion for new trial, a copy of Martinez's jail records were introduced into evidence establishing he was entitled to credit for 482 days served. In response to the offer of this evidence, the prosecutor stated, "I did add up the days, Your Honor, it does appear to be 482 days and we'll agree to it." The trial court then stated Martinez would be given credit for 482 days. In its brief, the State concedes Martinez was entitled to credit for 482 days and stated it was unsure as to why the correction was not made to the judgment.

Martinez's fifth issue is sustained, and we reform the judgment to reflect that Martinez is entitled to credit for 482 days served. *See Roberts v. State*, 587 S.W.2d 724, 726 (Tex. Crim. App. [Panel Op.] 1979) (reforming trial court's judgment to reflect proper credit for time served).

## CONCLUSION

The trial court's judgment is reformed to reflect that Martinez is entitled to credit for 482 days served. The judgment is affirmed as reformed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

child pornography, contained on computer disks taken from the appellant's home were introduced into evidence. In this case, the evidence in question consists of twenty-two sexually explicit magazines and DVDs. The facts in *Pawlak* are readily distinguishable from the instant case.