

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00049-CR

_____

ANTOINE JAMES GARRETT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1722660

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Appellant Antoine James Garrett appeals his convictions for sexual performance of a child, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Penal Code Ann. § 21.11(d) (defining the offense of indecency with a child), § 43.25(c) (defining the offense of sexual performance of a child). The jury assessed Garrett's punishment at imprisonment for twenty-two years, ten years, and four years, respectively; the trial court sentenced him in accordance with the jury's recommendations and ordered the sentences to run consecutively.

In a single issue, Garrett argues that the trial court erroneously charged the jury during punishment that the mandatory minimum criminal penalty for the indecency counts was two years' imprisonment without giving the jury the option of recommending community supervision. As we interpret his argument, Garrett contends that his minimum punishment was increased from the possibility of community supervision to a sentence of two-years' incarceration without a jury finding of the fact that would disqualify him from the possibility of community supervision on the indecency charges—that the victim was younger than fourteen years of age. We conclude that the trial court did not err in its punishment charge and, alternatively, that any error was harmless because the undisputed facts regarding the victim's age demonstrate that Garrett was not eligible for community supervision. Accordingly, we affirm.

## II. Discussion[1]

Garrett bases his sole issue on the Fifth and Sixth Amendments, arguing that because they

> give a defendant the right to a jury determination beyond a reasonable doubt on an aggravating fact (other than criminal history) that increases the minimum penalty, the trial court err[ed] by charging the jury on the increased minimum penalty when the State did not plead and the jury did not determine beyond a reasonable doubt the existence of the aggravating fact.

Garrett's argument presupposes that the charge gave an increased minimum penalty and that the State was required to plead that the victim was less than fourteen years of age such that Garrett would not be eligible for community supervision on the indecency counts. Because, for the reasons discussed below, we hold that the State properly pleaded the indecency offenses, that a properly pleaded indecency count automatically sets the minimum punishment at two years' confinement, and that the burden was on Garrett to show that the victim was older than fourteen—a burden that he could not meet due to the undisputed fact that the victim was only ten at the time of the trial—we rule against Garrett.

### A. Standard of Review and Fifth-and-Sixth-Amendment Law

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In

---

[1]Because Garrett does not challenge the sufficiency of the evidence to support his convictions, we omit a detailed factual background and set forth only a summary of what the record shows regarding the victim's age.

reviewing a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id.*

Further, the claim of error that Garrett raises is subject to a harmless-error analysis. The Court of Criminal Appeals explained in elaborate detail that although a sentencing factor should be determined beyond a reasonable doubt by the factfinder, an error in the submission of that factor is not structural and is subject to a harmless-error analysis:

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." *Sullivan v. Louisiana*, 508 U.S. 275, 277, 113 S. Ct. 2078, [2080] (1993). The right includes "as its most important element," the right to have a jury, rather than a judge, reach the requisite finding on guilt. *Id.*[, 113 S. Ct. at 2080.] A judge can direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, but he may not direct a verdict for the State, no matter how overwhelming the evidence. *Id.*[, 113 S. Ct. at 2080.] What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense charged[] and must persuade the factfinder "beyond a reasonable doubt" of the facts necessary to establish each of those elements. *Id.* at 277–78, 113 S. Ct. [at 2080]; *Patterson v. New York*, 432 U.S. 197, 210, 97 S. Ct. 2319, [2327] (1977); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, [1072] (1970). "[T]he Fifth Amendment requirement of proof beyond a reasonable doubt and the Sixth Amendment requirement of a jury verdict are interrelated." *Sullivan*, 508 U.S. at 278, 113 S. Ct. [at 2081]. "It would not satisfy the Sixth Amendment to have a jury determine that the defendant is *probably* guilty[] and then leave it up to the judge to determine (as *Winship* requires) whether he is guilty beyond a reasonable doubt." *Id.*[, 113 S. Ct. at 2081.] So, "the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt." *Id.*[, 113 S. Ct. at 2081.]
>
> In *Apprendi v. New Jersey*, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must likewise be submitted to a jury[] and proved beyond a reasonable doubt. 530 U.S. [466,] 490, 120 S. Ct. 2348[, 2362–63 (2000)]. The Court noted any possible difference between an "'element' of a felony offense and a 'sentencing factor' was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's founding." *Id.* at 478, 120 S. Ct. [at 2356]. So sentencing factors, like elements, are facts that have to be tried to the jury and proved beyond a reasonable doubt. *Id.* at 490, 120 S. Ct. [at 2362–63]. The fact at issue in *Apprendi* was whether the crime of possession of a firearm had been committed with a purpose to "intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation[,] or ethnicity." *Id.* at 469, 120 S. Ct. [at 2351]. Because that "hate crime" factual determination authorized an increase in the maximum prison sentence for the offense from 10 to 20 years it had to be decided by a jury beyond a reasonable doubt.

In *Blakely v. Washington*, the Court made clear that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. 296, 303, 124 S. Ct. 2531, [2537] (2004). Blakely had pleaded guilty to the kidnapping of his estranged wife. The facts admitted in his plea, standing alone, supported a maximum sentence of 53 months. *Id.* at 298, 124 S. Ct. [at 2534]. But, after the judge made a finding that the kidnapping was committed with "deliberate cruelty," the judge imposed a sentence of 90 months—37 months beyond the standard maximum. *Id.* at 300, 124 S. Ct. [at 2535]. This, the Court held, violated Blakely's Sixth Amendment right to trial by jury.

But the Supreme Court has made clear that a violation of these constitutional rights (to a jury determination of whether the State has proven "beyond a reasonable doubt" each of the elements of the crime charged and [that] any sentencing factors that increase the penalty for a crime beyond the prescribed "statutory maximum") is not "structural" error. *Neder v. United States*, 527 U.S. 1, [8–9,] 119 S. Ct. 1827[, 1833–34] . . . (1999); *Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546 . . . (2006). Unlike a jury charge which misdefines the State's burden of proof as being less than beyond a reasonable doubt, such violations can be subject to a harm analysis. *Neder*, 527 U.S. at 9, 119 S. Ct. [at 1834]; *Recuenco*, 548 U.S. at 222, 126 S. Ct. [at 2553].

5

. . . .

. . . Susceptibility of the errors in *Recuenco* and *Neder* to a harm analysis did not turn on the fact that the district judges made the formal findings on the missing elements or sentencing factors in those cases. *See Recuenco*, 548 U.S. at 214–15, 126 S. Ct. [at 2548] (the trial court applied a 3–year firearm enhancement to respondent's sentence based on its own factual findings); *Neder*, 527 U.S. at 6, 119 S. Ct. [at 1832] (the court found, outside the presence of the jury, that the evidence established the materiality of all the false statements at issue). Rather, it rested on the following legal principles: constitutional error at trial alone does not entitle a defendant to automatic reversal; most constitutional errors can be harmless; and where defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional errors that may have occurred are subject to harmless-error analysis. *Recuenco*, 548 U.S. at 218, 126 S. Ct. [at 2550–51;] *Neder*, 527 U.S. at 8, 119 S. Ct. [at 1833].

That is why many different state courts have relied on these cases to hold that an omission of a[n] element (whether it be an essential element of the offense or a sentencing "element") from jury instructions does not require automatic reversal[] and may be harmless error. [Citations omitted.]

We applied these rules in *Olivas v. State*, 202 S.W.3d 137 (Tex. Crim. App. 2006). Structural (or automatically reversible) error goes to a complete mis[]direction or failure to instruct on the reasonable doubt standard; a failure to instruct the jury on one element of an offense or a failure to submit a sentencing issue to the jury under *Apprendi* is not structural error; it is subject to a harm analysis. *Id.* at 142–43 (citing *Sullivan*, *Recuenco*[,] and *Neder*). As we explained, "[i]f omitting an element entirely from the jury charge is not structural error, it naturally follows that the failure to instruct the jury on the State's burden of proof regarding one element of an offense (or on a sentencing issue) is not structural error." *Id.* at 143[; *s*]*ee also Brock v. State*, 495 S.W.3d 1, 12 (Tex. App.—Waco 2016, pet. ref'd) (rejecting, in a retaliation[-]against[-]a[-]public[-]servant case, the argument that instructing jury that the county judge complainant was a "public servant" under Texas law, instead of asking jury to make that determination, was structural error).

*Niles v. State*, 555 S.W.3d 562, 569–72 (Tex. Crim. App. 2018) (footnote omitted).

In analyzing whether the fact that Garrett claims was not submitted falls into the category of a sentencing factor that the jury should have found beyond a reasonable doubt, we note the analysis of the First Court of Appeals that cites *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013), which categorizes a sentencing factor as one that increases the statutory minimum sentence that may be imposed:

> In *Alleyne*, the defendant was charged with "multiple federal offenses," including "using or carrying a firearm in relation to a crime of violence." [570 U.S. at 103,] 133 S. Ct. at 2155; *see* 18 U.S.C.[A.] § 924(c)(1)(A). Section 924(c)(1)(A) provides, in pertinent part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall[] (i) "be sentenced to a term of imprisonment of not less than 5 years"; (ii) "if the firearm is brandished, be sentenced to a term of not less than 7 years"; and (iii) "if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." 18 U.S.C.[A.] § 924(c)(1)(A). The jury found the defendant guilty, indicating on its verdict form that he had "'[u]sed or carried a firearm during and in relation to a crime of violence[]'" but not "indicat[ing]" that he had "[b]randished" the firearm. *Alleyne*, [570 U.S. at 104,] 133 S. Ct. at 2156 (internal quotations omitted). The defendant objected to the presentence report recommendation of a seven-year sentence, arguing that "the jury did not find brandishing beyond a reasonable doubt and that he was subject only to the 5-year minimum for 'us[ing] and carr[ying] a firearm.'" *Id.*[, 133 S. Ct. at 2156]; *see also* 18 U.S.C.[A.] § 924(c)(1)(A) (if firearm "brandished," punishment set at "a term of imprisonment of not less than 7 years"). The district court overruled the defendant's objection, finding that "the evidence supported a finding of brandishing" and sentencing him to confinement for seven years. *Alleyne*, [570 U.S. at 104,] 133 S. Ct. at 2156.
>
> The United States Supreme Court disagreed, holding that "[f]acts that increase the mandatory minimum sentence are . . . elements [of the charged offense] and must be submitted to the jury and found beyond a reasonable doubt." *Id.*[ at 108, 133 S. Ct.] at 2158. The Court explained[,]

[B]ecause the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant *might* have received if a different range had been applicable. Indeed, if a judge were to find a fact that increased the statutory [minimum] sentence, such a finding would violate the Sixth Amendment, even if the defendant ultimately received a sentence falling within the original sentencing range ([i.e.,] the range applicable without that aggravating fact).

*Id.*[ at 115, 133 S. Ct.] at 2162.

*Gonzalez v. State*, No. 01-15-00395-CR, 2016 WL 2587095, at \*4–5 (Tex. App.—

Houston [1st Dist.] May 5, 2016, no pet.) (mem. op., not designated for publication)

(footnote omitted).

### B. Law on Indecency[2]

A person commits the offense of indecency with a child by contact

if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person . . . engages in sexual contact with the child or causes the child to engage in sexual contact.

Tex. Penal Code Ann. § 21.11(a)(1). An offense under Subsection (a)(1) is a felony of

the second degree. *Id.* § 21.11(d). The second-degree-felony punishment range is two

to twenty years' confinement and a fine not to exceed $10,000. *Id.* § 12.33.

A person commits the offense of indecency with a child by exposure

---

[2]A grand jury indicted Garrett for indecency by contact in Counts 2 and 3— though the State waived Count 3—and for indecency by exposure in Count 4.

if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes . . . any part of the person's genitals, knowing the child is present[.]

*Id.* § 21.11(a)(2)(A). An offense under Subsection (a)(2) is a felony of the third degree. *Id.* § 21.11(d). The third-degree-felony punishment range is two to ten years' confinement and a fine not to exceed $10,000. *Id.* § 12.34.

Thus, the minimum punishment range for both indecency counts was two years. *See id.* §§ 12.33(a), 12.34(a).

### C.    Community-Supervision Law

Jury-recommended community supervision is governed by Code of Criminal Procedure Article 42A.055. Tex. Code Crim. Proc. Ann. art. 42A.055. Whether a defendant found guilty of the offense of indecency with a child—regardless of whether it is indecency by contact or by exposure—is eligible for jury-recommended community supervision depends on the child's age at the time the offense was committed. *See id.* art. 42A.056(4). If the child was younger than fourteen years old at the time of the offense, a defendant is categorically ineligible for community supervision. *Id.*; *Gonzalez*, 2016 WL 2587095, at *3 (discussing prior version of the statute). However, if the child was fourteen years old or older at the time of the offense, a defendant is eligible for community supervision, assuming a jury recommends it. *See Gonzalez*, 2016 WL 2587095, at *3. *See generally* Tex. Code Crim. Proc. Ann. art. 42A.055(a).

A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. *See* Tex. Code Crim. Proc. Ann. art. 36.14; *Gonzalez*, 2016 WL 2587095, at *3. For a defendant to be entitled to submission to a jury of a question on the issue of community supervision, he must, pursuant to Article 42A.055, file a written sworn motion for community supervision,[3] and the evidence must support his eligibility for community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.055(b); *Gonzalez*, 2016 WL 2587095, at *3. As further explained by *Gonzalez*,

> [A] trial court does not err in refusing [to submit] a [jury] question on the issue of community supervision in the absence of evidence supporting the defendant's motion. *Thompson v. State*, 267 S.W.3d 514, 519 (Tex. . . . App.—Austin 2008, pet. ref'd); *Green*[ *v. State*], 658 S.W.2d [303,] 309[ (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd)]; *see also Walker v. State*, 440 S.W.2d 653, 659 (Tex. Crim. App. 1969) (not necessary to submit issue of community supervision to jury where "no proof or evidence before the jury to support the same").
>
> The burden of proof as to eligibility for community supervision is on the defendant. *Baker v. State*, 519 S.W.2d 437, 437 (Tex. Crim. App. 1975); *Green*, 658 S.W.2d at 308.

2016 WL 2587095, at *3–4.

And in this case, for Garrett to be eligible for community supervision, the evidence must support a conclusion that the victim was not "younger than 14 years of

---

[3]The record demonstrates that Garrett filed a sworn document stating, "The Defendant herein represents that he has never been convicted of a felony in this or any other state[] and asks the [c]ourt to submit to the [j]ury this application for a probated sentence."

age at the time the offense was committed." *See* Tex. Code Crim. Proc. Ann. art. 42A.056(4).

## D.   What the Record Shows

As summarized in the State's brief and as confirmed by our review of the record, the evidence presented at trial unequivocally proved that the victim was younger than fourteen years old when the indecency offenses occurred:

- An investigator testified that the victim was seven years old when he outcried to her about the sexual abuse.

- The victim's grandmother testified that the victim was ten years old at the time of the trial.

- The victim also testified that he was ten years old and in the fourth grade at trial and that he had been in the first grade when he had met Garrett.

- The detective testified that Garrett was arrested for sexual performance of a child under fourteen years of age and indecency with a child by contact based on the victim's outcry and the resulting search wherein officers located the sex toys that the victim had described.

- A registered nurse with the Care Team at Cook Children's Hospital testified that when she did her examination of the victim on March 30, 2022, he stated, "This started all when I was seven, and I'm still seven," and that he was in the first grade. When the nurse was obtaining the victim's history, the grandmother stated that she and her husband had raised the victim from birth until about April 2021 and that he was in the first grade at the time of the examination in March 2022.

- A forensic interviewer at Alliance for Children testified that the victim was under the age of fourteen at the time she interviewed him on March 1, 2022, as he was seven years old. The jury watched the entirety of the victim's interview wherein he stated that he was seven years old.

11

- A clinical therapist at Alliance for Children testified that the victim was seven years old when he began counseling in May 2022 and that he was nine years old when they started doing "court prep."

- Garrett's significant other testified that she believed that the victim was eight when he outcried about the abuse.

The section of the guilt–innocence charge on sexual performance of a child explained that "[a] person commits the offense of sexual performance of a child if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 14 years of age to engage in sexual conduct or sexual performance." The section of the guilt–innocence charge on indecency with a child defined "child" as "a person younger than 17 years of age." The same ages for those offenses were set forth in the indictment.

The punishment charge listed the minimum term for which Garrett could be incarcerated on each of the indecency counts as two years.

E.    Analysis

On appeal, Garrett does not argue that there is evidence showing that the victim was fourteen years of age or older at the time of the offenses. Instead, Garrett contends that he was eligible for jury-recommended probation[4] because the State did not plead that the victim was younger than fourteen years of age at the time the offenses were committed and because the jury did not find that fact beyond a

---

[4]"Community supervision" and "probation" are synonymous and are generally used interchangeably. *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.); *see Euler v. State*, 218 S.W.3d 88, 89 n.1 (Tex. Crim. App. 2007).

reasonable doubt. Garrett argues that the principle from *Alleyne* "applies to judicial findings that preclude probation or mandate incarceration. Probation constitutes a less severe penalty, thus judge-found facts removing the option of probation violate the Fifth and Sixth Amendments." We address these arguments in turn.

We begin by noting that the indecency counts pleaded by the State track Section 21.11(a)'s language that the victim be "a child younger than 17 years of age." *See* Tex. Penal Code Ann. § 21.11(a). It was not the State's burden to plead in such a way that would give Garrett the opportunity to have the jury recommend community supervision on the indecency counts. Instead, to be eligible to receive community supervision, the burden was on Garrett to show that the victim was over fourteen years of age at the time the indecency offenses were committed. *See Gonzalez*, 2016 WL 2587095, at *4 (first citing *Baker*, 519 S.W.2d at 437; then citing *Green*, 658 S.W.2d at 308).

Next, the primary fallacy of Garrett's argument is his assertion that the age of the victim is a sentencing factor—i.e., a factor that increases the mandatory minimum sentence—that must be found beyond reasonable doubt under *Alleyne*. *Alleyne* applies to require a jury finding on facts (that constitute elements of the charged offense) that would <u>increase</u> the minimum sentence. 570 U.S. at 108, 133 S. Ct. at 2158. Here, Garrett wanted the trial court to ask the jury to make a finding that the victim was older than fourteen—a finding that is contrary to the evidence—in order to allegedly

13

decrease the minimum punishment range.[5]   Garrett pointed out that "[p]robation

constitutes a less severe penalty [than incarceration]," but he does not explain how

that fits within *Alleyne*'s parameters that pertain to increasing the minimum sentence.[6]

*See, e.g.*, *Gonzalez*, 2016 WL 2587095, at *5 (explaining that "community supervision is

an arrangement *in lieu of* the sentence, *not a*[] *part of* the sentence" and that whether a

defendant is eligible for community supervision has no bearing on the "mandatory

minimum" or "mandatory maximum" sentence that he may receive); *see also Mayes v.*

*State*, 353 S.W.3d 790, 793 (Tex. Crim. App. 2011) (sentence and community

supervision "are entirely different matters"); *Speth v. State*, 6 S.W.3d 530, 532 (Tex.

Crim. App. 1999).  Additionally, in arguing that "[t]he trial court instructed the jury on

a penalty range more severe than that authorized by law," Garrett ignores that the trial

court charged the jury on the statutory minimum sentence that applies to indecency

with a child by contact—a second-degree felony—and indecency with a child by

exposure—a third-degree felony.  *See* Tex. Penal Code Ann. §§ 12.33, 12.34.  He also

ignores that it is not necessary to submit the issue of community supervision to the

---

[5]For purposes of this argument, we assume that "community supervision, substantively, is a type of punishment," even though Texas does not define probation as a sentence that can be imposed.  *See Shortt v. State*, 539 S.W.3d 321, 325 n.6 (Tex. Crim. App. 2018) (discussing argument for the proposition that "community supervision" in Texas is not "punishment" but accepting "that the condition of community supervision challenged in [that] case constitute[d] at least a form of 'punishment'").

[6]The argument that Garrett makes in both his opening brief and his reply brief assumes that community supervision is the minimum sentence that applies to an indecency charge.  As discussed below, that is not the case.

14

jury when there is "no proof or evidence before the jury to support the same," and the record made clear that the victim's age precluded Garrett from being eligible for community supervision. *See Gonzalez*, 2016 WL 2587095, at *3 (citing *Walker*, 440 S.W.2d at 659).

Even if we assume that *Alleyne* applies and that the trial court should have allowed the jury to consider community supervision, we would apply the *Almanza* harmless-error analysis and conclude that Garrett was not harmed.[7] As explained in *Thompson*,

> A trial court does not err by refusing to instruct the jury regarding probation in the absence of evidence to support a request for probation. . . . To be eligible for probation, a defendant's sworn application for probation *and* the evidence must show that he has never been convicted of a felony. *Green*, 658 S.W.2d at 308. The mere filing of a sworn application is not sufficient to show eligibility for probation. *Palasota v. State*, 460 S.W.2d 137, 140–41 (Tex. Crim. App. 1970); *Green*, 658 S.W.2d at 309.

---

[7]Garrett includes a harm analysis in his opening brief, but it makes generalized statements about how "[a]n error in reciting the minimum punishment in the court's charge is harmful" and how "[e]ven when the imposed sentence fell within the lawful range, courts have found egregious harm when the trial court denied the accused the opportunity to receive a sentence less harsh than the minimum the jury was instructed to impose." Garrett uses his reply brief to re-urge application of the egregious-harm standard, relying on *Cartwright v. State*, 833 S.W.2d 134 (Tex. Crim. App. 1992). In that case, the jury was allowed to consider imposing a fine that was greater than the amount allowed by law, but the appellant did not object, thus requiring the use of the egregious-harm standard. *Id.* at 136. *Cartwright* is thus distinguishable from the instant case in which the sentence was not greater than the amount allowed by law and in which Garrett objected to the punishment charge and specifically requested a probation option. Moreover, Garrett's harm analysis in both his opening brief and his reply brief is silent as to his failure to present evidence that the victim's age met the requirements for Garrett to be eligible for community supervision.

Thompson was not entitled to a charge on probation because he presented no evidence that he had not been finally convicted of a felony for purposes of enhancement. . . . Because Thompson did not present evidence that he did not have a final felony conviction, there was no evidence on an element essential to prove himself eligible for probation, and the trial court did not err by refusing to give the charge. We note that, given the undisputed evidence that Thompson had a juvenile felony adjudication and the effect of that adjudication on the enhancement of his punishment range render[ed] it impossible for the jury to assess probation, any error in failing to give the probation charge was harmless.

267 S.W.3d at 519 (footnote omitted).

Here, Garrett did not present evidence that the victim was older than fourteen years of age at the time of the indecency offenses. Instead, the evidence was undisputed that the victim was less than fourteen years of age at the time of the indecency offenses, thus rendering it impossible for the jury to assess community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.056(4). Any error in failing to give the jury a community-supervision charge was therefore harmless. *See Thompson*, 267 S.W.3d at 519. Accordingly, we overrule Garrett's sole issue.[8]

---

[8]Because we uphold Garrett's two indecency convictions, we need not reach his contingent argument requesting that we reverse the punishment on the sexual performance count "[t]o undo the harm caused by the erroneous jury charge" on the indecency counts. *See* Tex. R. App. P. 47.1. Because Garrett makes no other challenge to the sexual performance conviction, we affirm that judgment of conviction as well.

## III. Conclusion

Having overruled Garrett's sole issue, we affirm the trial court's three judgments of conviction.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 30, 2025